# Wytheville.

## BAILEY CONSTRUCTION CO. v. PURCELL.

### July 23rd, 1891.

1. EQUITABLE JURISDICTION AND RELIEF—*Mechanic's lien.*—Where the object of the suit is to enforce an alleged mechanic's lien, the suit is one of equitable jurisdiction.
2. IDEM—*Cross-bill.*—Where the chancery court takes cognizance of a suit, the object whereof is to enforce an alleged mechanic's lien, and a cross-bill is filed, and all the evidence appears in the record, this court will review the action of the court below, and decree according to equity and the right of the case.

Appeal from decree of circuit court of Washington county, rendered May 14th, 1890, in a chancery cause wherein Edward Purcell, Jr., was complainant, and the Bailey Construction Company was defendant. The defendant filed a demurrer to the bill, for want of jurisdiction in equity, and an answer and a cross-bill, denying any indebtedness on the mechanic's lien set-up in the bill, and claiming from complainant a balance overpaid him on account of the work done by him as alleged. The decree was in favor of the complainant for the sum of $7,712.78, with interest thereon from December 5th, 1887, till paid and his costs. From this decree the company appealed. Opinion states the case.

*J. B. Richmond* and *J. H. Wood*, for appellant.

*A. H. Blanchard*, for appellee.

LEWIS, P., delivered the opinion of the court.

This was a suit in equity in the circuit court of Washington county by the appellee, Purcell, against the Bailey Construction Company, the South Atlantic & Ohio Railroad Company, and others. The construction company was the general contractor to construct the South Atlantic & Ohio Railroad Company, and employed the plaintiff to do certain work as a sub-contractor. The work was completed about the 1st · of December, 1887, whereupon the plaintiff duly recorded in the proper clerk's office his mechanic's lien for an alleged balance due him, amounting to about $9,000. The object of the suit was to enforce the mechanic's lien and to recover that amount.

A copy of the original contract between the parties is exhibited with the bill, wherein it was stipulated that for the work done and materials furnished under the contract, payment should be made on about the 20th of each month, upon estimates, to be approved by the appellant's engineer. Before the completion of the work, however, the parties entered into a new contract, dated November 17, 1887, whereby it was agreed that the first contract should terminate on the 30th of the same month, and that the work done by the plaintiff should be measured up on or before the 1st day of December, of that year, and paid for as soon as the final estimates were finished.

The bill charged that the work done by the plaintiff amounted to about $37,000, according to the estimates of one Charles K. Moore, who, it is alleged, was the chief engineer of the construction company. But the company, both in its answer and cross-bill, denies that Moore was at any time its chief engineer, and avers, moreover, that the estimates made by him were not only inaccurate and excessive, but that the final estimates, upon which the plaintiff's claim is based, were made after he had been discharged from the company's service, which was on the 19th of October, 1887. It is averred that he was merely employed to do work as an engineer along with others, and that the company relied on its engineers,

Jones and Hodge, in whose skill and competency it had entire confidence.

The evidence in the cause is voluminous, and we do not deem it necessary to review it. It is enough to say that we have examined it carefully, and are satisfied that the principal contention of the company, the appellant here, is supported by the record.

It appears that after the completion of the work done by the appellee, it was measured up by Jones and Hodge, whose competency and integrity is not assailed, and that they estimated the whole at $24,690.97. These estimates are less by several thousand dollars than those made by Rollins, another of the company's engineers, whose estimates amounted to $28,327.40, the reasons for which difference are stated in the record. Taking Rollin's estimate as the proper basis for a settlement between the parties—and the appellant does not contend to the contrary—then there would be a balance due the appellant of $1,493.85, as overpaid, it appearing that there has been paid to the plaintiff various sums, at different times, on account of the work, aggregating $29,821.25.

The decree against the appellant, and of which it complains, must therefore be reversed, and decree entered in its favor for the sum of $1,493.85 and costs.

It is proper to add that there was no error in overruling the demurrer to the bill. The appellant's contention was that the case presented a simple question of *quantum meruit*, which, upon the authority of *Morgan* v. *Carson*, 7 Leigh, 238, and other cases, belonged, properly, to a court of law, and not to a court of equity. But a sufficient answer to this position is, that the object of the suit was to enforce an alleged mechanic's lien, and hence the case is one of equitable jurisdiction. Code, § 2484.

Upon the merits, however, the case is with the appellant, as we have said.

DECREE REVERSED.