DE LA VERGNE REFRIGERATING MACH. CO. **v.** MONTGOMERY BREWING CO. et al.

(Circuit Court of Appeals, Fifth Circuit. June 20, 1893.)

No. 129.

MECHANICS' LIENS—ENFORCEMENT—LIMITATION—INCUMBRANCERS.

Code Ala. § 3041, providing that all mechanics' liens arising under that chapter shall be deemed lost unless suit for the enforcement thereof is commenced within six months after the maturity of the entire indebtedness secured thereby, refers only to a suit against the owners; and a lien is not lost, where such suit is brought in time, by a failure to make certain

incumbrancers parties thereto until more than six months, and the only effect of this omission is to leave open the question of priority between the two liens, for section 3030 declares that all persons interested in the matter in controversy "may" be made parties, "but such as are not made parties shall not be bound by the judgment or proceeding therein."

Appeal from the Circuit Court of the United States for the Middle District of Alabama.

In Equity. Suit by the De la Vergne Refrigerating Machine Company against the Montgomery Brewing Company and others to foreclose a mechanic's lien. A demurrer to the bill was overruled. 46 Fed. Rep. 832. The bill was subsequently amended, was again demurred to, and the demurrers sustained. Thereafter the bill was dismissed. Complainant appeals. Reversed.

Statement by TOULMIN, District Judge:

Appellant, complaining below, filed its bill of complaint on the equity side of the circuit court of the United States for the middle district of Alabama, seeking to enforce, as a material man, a lien upon certain ice-making apparatus furnished by it to the Montgomery Brewing Company, and on the land upon which the machinery was located. It shows a contract between the parties, under which the apparatus was furnished and erected, and that the price to be paid was $32,000, payable as follows: $8,000 on delivery of the machine and materials on the said premises, $8,000 on the completion of the erection of the machine ready for work,—and at the same time two promissory notes, for $8,000 each, to be dated May 1, 1890, bearing interest at 6 per cent. per annum, and payable, one on November 1, 1890, and one on May 1, 1891. That the machinery was furnished pursuant to contract, and that the work of construction was completed on the 26th day of June, 1890, in all respects as agreed upon, and that the brewing company then accepted it, and has since continued to operate it. The first installment of $8,000 was paid, and also sundry amounts aggregating $3,460.55; but the balance of said $32,000, namely, $20,539.45, is still due and unpaid. It is further alleged that the De la Vergne Company had filed in the office of the judge of probate of Montgomery county, within the prescribed time, a verified statement of its claim, as required by said statutes. The prayer of the bill was that the lien be enforced by a sale of the property. The bill was filed against the Montgomery Brewing Company within six months from the accrual of the cause of action.

The bill was amended June 8, 1891, by alleging that the brewing company had, on the 1st day of November, 1889, executed a mortgage "on the lot or parcel of land upon which complainant is undertaking to assert its lien, together with the tenements, hereditaments, and rights thereunto appertaining, that were in existence at the date of its execution, as well as those that might be acquired,"-to Henry C. Tompkins, J. W. Dimmick, and A. M. Baldwin, as trustees; said mortgage securing an issue of $50,000 of bonds. The brewing company and the trustees each demurred to the bill as amended; and insisted that the right to enforce the lien, as against the trustees, had been lost, because they had not been made parties to the bill within six months after the claim of the complainant had accrued. The court sustained the demurrers, and held that the complainant was barred by its failure to join the trustees as defendants within six months after the claim accrued. This decree bears date July 22, 1892, and directs that, unless the complainant should further amend its bill "on or before the first day of the next term of this court." the same should stand dismissed, etc. At the next term, on the 16th day of January, 1893, a decree was rendered, dismissing the bill. From that decree this appeal was taken.

Roquemore, White & Dent, Jefferson Falkner, and John M. Chilton, for appellant.

Tompkins & Troy, for appellees, cited the following authorities:

Story, Eq. Pl. § 137; 1 Pom. Eq. Jur. § 114; 6 Amer. & Eng. Enc. Law, p. 731; Pom. Rem. & Rem. Rights, (2d Ed.) § 247; Bank v. Freese, 26 N. J. Eq. 453; Huggins v. Hall, 10 Ala. 283; Bell v. Hall, 76 Ala. 546; Crowl v. Nagle, 86 Ill. 437; McGraw v. Bayard, 96 Ill. 146; Hamilton v. Dunn, 22 Ill. 259; Clarke v. Boyle, 51 Ill. 105; Bannon v. Thayer, 24 Ill. App. 428; Association v. Taylor, 25 Ill. App. 429; Welch v. Porter, 63 Ala. 225; Tied. Real Prop. §§ 3, 4; Green v. Phillips, 26 Grat. 752; Pierce v. George, 108 Mass. 78; Crane v. Brigham, 11 N. J. Eq. 29; Quinby v. Paper Co., 24 N. J. Eq. 260; Wimberly v. Mayberry, 94 Ala. 240, 248, 249, 10 South. Rep. 157; Wilson's Adm'r v. Holt, 91 Ala. 204, 8 South. Rep. 794.

Before PARDEE and McCORMICK, Circuit Judges, and TOULMIN, District Judge.

TOULMIN, District Judge, after stating the case, delivered the opinion of the court.

The question presented to the court for its decision is whether, under the statutes of Alabama relating to the liens of material men, a lien shall be deemed lost unless all persons, as mortgagees or other incumbrancers, interested in the property charged with the lien, are made parties to the suit for the enforcement thereof within six months after the maturity of the indebtedness. The sections of the statute bearing upon the question are as follows:

"Sec. 3018. Lien Declared. Every mechanic or other person, who shall do or perform any labor upon, or furnish any material, fixtures, engine, boiler or machinery for any building or improvement on land, or for repairing the same, under or by virtue of any contract with the owner or proprietor thereof, or his agent, trustee, contractor or subcontractor, upon complying with the provisions of this chapter, shall have a lien therefor on such building or improvement, and on the land on which the same is situated, to the extent in ownership of all the right, title and interest owned therein by such owner or proprietor, and in area of the entire lot or parcel of land if in a city, town or village.

"Sec. 3019. Priority of Lien. Such lien, as to the land, shall have priority over all other liens, mortgages or incumbrances created subsequently to the commencement of the work on the building or improvement, or repairs thereto; and, as to the building or improvement, it shall have priority over all other liens, mortgages or incumbrances, whether existing at the time of the commencement of such work, or subsequently created; and the person entitled to such lien may, when there is a prior lien, mortgage or incumbrance on the land, have it enforced by a sale of the building or improvement under the provisions of this chapter, and the purchaser may, within a reasonable time thereafter, remove the same."

"Sec. 3030. Parties to Such Actions. In such actions, all persons interested in the matter in controversy, or in the property charged with the lien may be made parties; but such as are not made parties shall not be bound by the judgment or proceeding therein."

"Sec. 3041. Limitation. Except in cases hereinafter provided, all liens arising under this chapter shall be deemed lost, unless suit for the enforcement thereof is commenced within six months after the maturity of the entire indebtedness secured thereby."

Our opinion is that section 3041 has no application to incumbrancers, but refers only to suits against the owner or proprietor. The proceeding as to incumbrancers is governed by section 3030, which confers upon the material man the right either to join incumbrancers or to omit them. He is authorized, but not re-

quired, to make them parties. Trammell v. Hudmon, 78 Ala. 224. If suit for the enforcement of the lien be commenced against the owner or proprietor within six months after the maturity of the indebtedness secured by it, the lien is not lost; and our opinion is that incumbrancers may, at any subsequent time, be made parties to the proceeding. The object of making them parties is to ascertain and adjust the priorities in the property charged with the lien, and to make the judgment in the proceeding binding on them. The effect of not making them parties is simply to exempt them from being concluded by the judgment. The statute declares, "Such as are not made parties shall not be bound by the judgment." It seems clear to us that the effect of not making them parties is not to lose the lien.

The Illinois cases cited by the counsel for the appellees have no application here. Reference to them will show that the court was construing a statute of that state which, the court say, requires that material men shall enforce their rights against all parties (creditors or incumbrancers) having, or claiming to have, an interest in the premises, by suit to be commenced against them within six months, and that the law means that parties having an interest shall be the parties to the suit. The statute of Alabama contains no such provision. The inchoate lien given by the statute has no force and vitality unless it is followed up by a proper filing for record, and suit commenced for its enforcement within six months after the maturity of the indebtedness, and is prosecuted to final judgment. If these steps be taken as prescribed, the lien becomes fixed as to time and extent, and the amount of indebtedness for which it is security determined. These proceedings, however, do not bind any person interested in the property charged with the lien, unless such person is made a party to the suit. Such person is not concluded by the judgment, which is evidence of the facts it ascertains only against parties to the record. But the lien ascertained and fixed by these proceedings is no less a lien although a priority between this and other liens or incumbrances on the property may have to be settled. The suit for the enforcement of the lien must be commenced within six months after the maturity of the indebtedness, which is a condition precedent to fixing the lien, but the settlement of the priority of liens is not limited to any such period. The lien declared by the statute is on the building or other improvement put on the land, and on the land, to the extent of all right, title, and interest of the owner or proprietor; and any decree rendered condemning the land to the satisfaction of the lien would extend to the entire property, but would be subordinate to the mortgage lien on the land, as it existed before the statutory lien attached. Wimberly v. Mayberry, 94 Ala. 240, 10 South. Rep. 157. "The mortgagee's lien is superior and prior as to the property covered by the mortgage before the material man's lien attached, and subordinate to the lien given to the material man for what he added; and so the lien of the material man is upon the whole property, but subordinate to the mortgage, as to

the property covered by the mortgage when his lien attached. This is the condition of the property, and the relative rights of both, as fixed by the statute; and the only question is as to the power of a court of equity to preserve, adjust, and enforce the respective rights of all. When the jurisdiction of a court of equity is invoked, all parties in interest may be made parties; and the court, by reason of its elastic power, has authority to so frame its orders and decrees as to ascertain, adjust, and protect every interest and priority." Wimberly v. Mayberry, *supra.* By express provision of the statute, the lien of a material man or mechanic may be enforced in equity without alleging or proving any special ground of equitable jurisdiction. Code Ala. § 3048. The lien to be enforced is against the "owner or proprietor," and other persons interested in the property, whether as mortgagees or other incumbrancers, are proper, but not necessary, parties. Their interests are not necessarily involved in the issue to be determined in the suit for the enforcement of the lien, and they are not necessarily to be affected by the judgment in the proceedings. The statute expressly declares that they are not bound by the judgment unless they are made parties. Id. § 3030.

We have thus disposed of the question presented by counsel in oral argument and briefs, but we notice that under the terms of the contract the entire indebtedness did not become due until the 1st May, 1891, and that, by election of the complainant, on account of the default of the brewing company in complying with the terms of its contract, the indebtedness did not become due until December 24, 1890; and as the amended bill making the mortgagees parties was filed on May 10, 1891, the suit against the mortgagees was in fact instituted within six months after the maturity of the indebtedness.

The decree of the court below, dismissing the bill as amended, not being in accordance with the views herein expressed, it follows that the cause should be reversed and remanded, with instruction to overrule the demurrers, and further proceed in the cause as right and equity may require; and it is so ordered.