OLD DOMINION INV. CO.

*v.*

MOOMAW *et al.*

(*Supreme Court of Appeals of Virginia, July 30, 1896.*)

[25 S. E. Rep. 540.]

**Injunction\*—Sale under Trust Deed—Regularity of.**

A court will not enjoin the conveyance by a trustee of lots sold by him under a trust deed on the ground of the inadequacy of the price bid and because the lots were offered together in bulk, where no fraud is shown, and it does not appear that the sale was not open and fair, and made in accordance with the terms of the trust deed, nor that any one else would have bid more had the lots been offered separately.

Appeal from hustings court of Roanoke ; John W. Woods, Judge.

Bill by the Old Dominion Investment Company against George C. Moomaw and others. Complainant appeals from a decree dissolving an injunction. Affirmed.

*W. L. Gooch,* for appellant.

*Moomaw & Woods,* for appellees.

CARDWELL, J., delivered the opinion of the court.

By his deed of March 11, 1890, George R. Allen conveyed to D. C. Moomaw, trustee, five certain lots of land in section 4 on the map of the property of the West End Land Com-

*See monographic note on "Injunctions," Va. Rep. Anno.

pany, in the city of Roanoke, in trust to secure George C. and W. H. Moomaw the payment of the sum of $2,333.33, evidenced by two interest-bearing negotiable notes of $1,166.66 each, drawn by Allen, payable to the order of George C. and W. H. Moomaw in one and two years from their date. Default having been made in the payment of the second note, the trustee, after being requested so to do by the holders of the note, and after advertisement, as required by the deed, sold the five lots of land at public auction in front of the courthouse in Roanoke city at 12 o'clock, November 23, 1892, at which sale the property was struck out to George R. Allen, as the highest bidder therefor, at $1,400. Whereupon the Old Dominion Investment Company, claiming ownership of the lots, obtained an injunction from the judge of the hustings court of Roanoke city, restraining the trustee from conveying the property to Allen, or otherwise proceeding in the premises, until the further order of the court. D. C. Moomaw, the trustee, Allen, the purchaser, and G. C. and W. H. Moomaw, the holders of the note secured, were made parties defendant to the bill, and called on to answer; but oath to their answer was not waived, and the defendants filed their joint and separate demurrer and answer under oath to the bill, to which answer plaintiff replied generally. December 3, 1892, in pursuance of notice duly given to plaintiff, the defendants moved the court to dissolve the injunction, which was done, and from this decree dissolving the injunction an appeal was taken to this court.

The motion to dissolve the injunction was heard on the bill, the demurrer and answer of the defendants, the general replication of the plaintiff to the answer, and affidavits on behalf of both plaintiff and defendants. The bill alleges that the plaintiff was the owner of the lots, and that it had purchased them, and agreed to pay therefor $1,500 each, and had paid $4,500 on the purchase money, but does not state when the purchase was made, or from whom. The injunction was asked for upon

the grounds (1) that the price at which the property was knocked out and sold at the sale by the trustee was so grossly inadequate as to shock the conscience of a court of equity; (2) that undue haste and speed were exercised in the time that the property was put up, cried, and knocked out ; and (3) that the property, consisting of five lots, should have been sold by the single lot, and not in bulk, as was done.   There is no suggestion of fraud or misconduct on the part of the trustee, other than undue haste in closing the sale, or that the trustee did not sell the property in accordance with the provisions of the trust deed.   Only the suggestions are made that the property might have brought more had the lots been sold separately instead of together, and that the price obtained was grossly inadequate.   Every material allegation of the bill is responded to and denied in the answer, and the only proof in support of the bill is found in the affidavits of five persons, taken and read on behalf of the plaintiff at the hearing.   Of these, three made oath that in their opinion the price for which the lots sold was grossly inadequate, and that they would have sold for more, in the opinion of the affiants, had they been sold separately, but neither gave any facts or data upon which their opinions were based ; and the other two made oath that the sale was made in undue haste.   On the other hand, the affidavits of Allen, the purchaser, Peck, the auctioneer, and Jamison, a bidder at the sale, were read in support of the answer of the defendant, all of whom made oath that the sale was open and fair ; that the bidding was kept open a proper time, at least 15 or 20 minutes after the reading of the advertisement, which was not read until 12 o'clock ; and that the lots were not knocked out until the bidding had entirely ceased.   It appears, also, from the answer, and is not controverted, that the lots were, at the time of the sale complained of, advertised for sale to take place shortly thereafter for delinquent taxes due thereon for 1891, and that the taxes for 1892 were due and unpaid.

The bill does not allege, nor is there proof, that the plaintiff knew of other bidders for the property who would have bid more for it had the sale been longer kept open, or who would bid more for the property if it were again offered. There is only the bare suggestion made that "some buyer might have bid more than the pro rata of the price paid for the whole for one lot, not desiring all, and so it may be that in offering them as a whole complainant's rights were prejudiced." As to the alleged undue haste in making the sale, the evidence is wholly insufficient to overcome the denial in the answer of this allegation. In fact, there is no proof in support of it except the affidavit of the affiant Chiles, the secretary and treasurer of the plaintiff company, who states that at 6 minutes past 12 m. he was in front of the courthouse, saw Mr. Allen and Mr. Moomaw, and went immediately in, found the auctioneer, and found that the sale had been made. This statement is in conflict with the statements of the affiants Allen, Peck, and Jamison, who say that the sale was not commenced till after 12 o'clock m., was kept open for 15 or 20 minutes, and not concluded till all bidding had ceased. Upon this state of the record it was plainly the duty of the court below to dissolve the injunction, and there is no error in the decree appealed from, and it is therefore affirmed.