## Richmond.

McCartney *v.* Tyrer & Others.

January 7, 1897.

Absent, Keith, P.*

1. Statute of Limitations—*Personal defence—Exception to general rule—Case at bar—Mechanic's Lien.*—The defence of the statute of limitations is generally a personal privilege of the debtor to be asserted or waived by him at his election. But where a court of equity has taken possession of the estate of a debtor for the purposes of distribution, and proceeded to ascertain the debts and incumbrances to enable it to administer and distribute the assets, an exception is allowed, and any creditor interested in the fund may interpose the bar of the statute of limitations. In the case at bar the right of the complainant to institute a suit to enforce his mechanic's lien was clearly barred by the act of limitations, and even if, in such case, the limitation be not of the right to the lien, but of the remedy only, still other creditors had the right to rely upon the bar of the statute.

Appeal from a decree of the Circuit Court of Alexandria county, pronounced July 2, 1894, in several chancery suits heard together, in one of which the appellant was the complainant, and The Potomac Electric Co., and others, were the defendants.

*Affirmed.*

The opinion states the case.

*Chritcher & Chritcher*, for the appellants.

*King & King* and *G. A. Mushbach*, for the appellees.

Riely, J., delivered the opinion of the court.

*Judge Keith had decided the case in the Circuit Court.

The appellant brought suit to enforce his mechanic's lien. One of the defences interposed to the maintenance of the suit, and the one on which it was decided by the court below, was the statute of limitations.

It is provided by section 2481, of the Code, that no suit shall be brought to enforce the mechanic's lien "after six months from the time when the whole amount covered by such lien has become payable."

The account, for which the lien was perfected, bears date January 5, 1893. The memorandum for the suit was made by the clerk on July 3, 1893, and the *subpoena* issued by him on July 5, 1893.

Much testimony was taken in regard to the amount really due to the complainant, and for which he was entitled to perfect the mechanic's lien; but there was no direct oral testimony as to the time when the amount claimed to be covered by the lien became payable, so as to fix a date when the statute would begin to run. It is especially significant that the complainant, in the face of the defence of the statute of limitations, which was both relied on in the answer, and presented by plea, nowhere in his testimony, which is voluminous, refers to this vital matter. In passing upon the validity of this defence, we are, therefore, remitted to the account itself, for which the lien was perfected, and to the other written evidence in the case.

. The contract was to build an electric power-house for the sum of $3,890. The account, which is the foundation of the lien sought to be enforced, is as follows:

"The Potomac Electric Company,

"To Peter McCartney, Dr.

1893.

Jan. 5.    For the building of a brick and stone power-house and furnishing materials therefor, and for building frame stables and furnishing materials there-

for, the said work having been done, and the
said materials having been furnished by me from
April, 1892, to date, the 5th of January, 1893,
(exclusive of the items hereinafter enume-
rated), - - - - - - - - - - $2,030.38
To interest accrued on above item,         94.67
To amount of account itemized hereto
  annexed, - - - - - - - -         791.25
To percentage on above item, - -          79.12
                                         ─────────
Interest from 5th January, 1893, on $2,995.42"

The last two items of the account are for extras. The
itemized account shows that they were all incurred during the
year 1892, and that the last items were charged in the month
of December of that year, but beyond the mere month itself
no date is given. The amount claimed for extras was, there-
fore, due and payable not later than December, 1892, and if
we assume this to be the very last day of the month, the
amount for extras was all payable more than six months prior
to the institution of the suit. The appellant sought to obvi-
ate this fatal conclusion by the claim that the last work done
was not on extras but under the original contract to build the
power-house, and that this was not finished, and the amount
therefor payable until January 5, 1893, which is the date of
the account for which the lien was perfected.

The first item of the account is for the balance due under
the contract for furnishing the materials and building the
power-house. The second item is for interest on the first
item. It is not pretended that the money was payable under
the contract until the job was finished. No interest would
accrue until the money became payable. The amount of in-
terest charged shows that the money was due several months
prior to January 5, 1893. Thus the account, upon its face,
refutes the contention that the last work done was under the
original contract for the construction of the power-house, and

was not the extras, and demonstrates that the whole amount covered by the lien, both under the contract and for extras, was payable more than six months before the suit was brought, whether it is to be considered as having been brought on July 3, 1893, when the memorandum for its institution was given by the counsel for the complainant, or on July 5, 1893, when the subpoena was actually issued by the clerk.

The account rendered by the appellant to the president of the Potomac Electric Company on July 20, 1892, sustains this interpretation of the account for which the lien is claimed, and confirms the conclusion thus reached. The account of July 20, 1892, gives both the debits and credits, and includes among the former the entire sum for building the power-house, to-wit, $3,890. The balance upon the account was struck, and showed that there was due to the appellant the sum of $780.38. This statement of the account shows that the appellant considered the entire amount for building the power-house under his contract to be due at that date.

To the same effect is the account rendered on January 11, 1893, erroneously dated 1892, which is as follows:

"To balance on old account,  - - - - - -     $280 38
To interest on same for six months, - - - -       8.42
To work and material, as per bills furnished,  · -   791.25
To percentage on same, - - - - - - - -        79.12
To note from O'Donnell for cash to take up the
   Flory note for boilers, with interest, - - -    256.25
To Iron Mountain note, with 8 per cent. not paid,  1,580.00
                                                 ————————
                                                 $2,995.42"

The aggregate amount of this account is the same as that of the account for which the lien is claimed. The third and fourth items of this account are precisely the same sums charged for extras and percentage on same in the other account. The first item is, "To balance on old account,

$280.38." Recalling the fact that the balance shown by the account rendered on July 20, 1892, was $780.38, and giving credit for $500, which was thereafter paid, there would remain $280.38, which is just the balance claimed on "old account." The second item is for interest on same for six months, thus carrying the due day back to July 11, 1892, which is consistent with the account rendered on July 20, 1892, in which the entire amount for the power-house was claimed to be then payable. The fifth item is the unpaid note for $250, and accrued interest, which was for money lent to the company to pay for boilers. The note was dated May 11, 1892, and bore six *per cent.* interest from date. The last item is the unpaid note for $1,500. It was dated May 31, 1892, bore eight per cent. interest from date, was transferred to the appellant on June 29, 1892, and protested on September 1, 1892. It is to be further observed that the interest charged in this account, to-wit, $8.42 on "old account;" $6.25 on the note for $250; and $80 on the note of $1,500, make $94.67, which is exactly the amount charged for interest in the account for which the mechanic's lien was perfected. The above analysis discloses that the account rendered on January 11, 1893, is the same, only in a different form, as that for which a lien is sought to be enforced, and that all of its items were payable more than six months prior to the institution of the suit.

The consideration of the whole evidence leaves no doubt on our minds that the right to enforce the mechanic's lien was clearly barred at the time the suit was brought.

The defence of the statute of limitations was not made by the debtor, the defendant company, but by Amherst H. Wilder, its principal creditor. This defence is generally a personal privilege, and may be asserted or waived by a defendant at his election. *Clayton & Tyson* v. *Henley*, 32 Gratt. 72; and *Smith* v. *Hutchinson*, 78 Va. 683. Where, however, a court of equity has taken possession of the estate of the debtor

for the purpose of distribution, and proceeded to ascertain the debts and incumbrances to enable it properly to administer and distribute the assets, an exception to the general rule is allowed, and any creditor interested in the fund is permitted to interpose the defence of the statute of limitations. Story's Eq. J., sec. 548; 1 Barton's Ch. Pr. 85; *Shewen* v. *Vanderhorst,* 1 Russ. & M. 347; *Owens* v. *Dickenson,* 1 Cr. & Ph. 56; *Tazewell's Ex'or* v. *Whittle's Admr,* 13 Gratt. 345; *Woodyard* v. *Polsley,* 14 W. Va. 211; *Werdenbaugh* v. *Reed,* 20 W. Va. 588; *Post* v. *Mackall,* 3 Bland 498-99; *Partridge* v. *Mitchell,* 3 Edwards Ch. R. 180; and *Grattan* v. *Wiggins,* 23 Cal. 25.

If it were a practical question, it might be well worth considering, whether it was at all necessary to plead the special statute of limitations, or whether the time, beyond which no suit can be brought to enforce the lien, is not a limitation of the right to the lien, and not of the remedy alone. If, in the creation of the lien, time has been made of the essence of the right and a condition of its existence and duration, it would be necessary to allege and prove that the suit was brought within six months from the time when the whole amount covered by the lien became payable. 13 Amer. and Eng. Ency. of Law, 689; *The Harrisburg,* 119 U. S. 199; and *Taylor* v. *Coal and Iron Co.,* 94 N. C. 525. The decision of this particular question, however, is unnecessary, as the defence of the statute of limitations has been disposed of on other principles.

There is no error in the decree of the Circuit Court, and it is therefore affirmed.

*Affirmed.*