# Richmond.

CALLAWAY'S ADMINISTRATOR V. SAUNDERS.

MARCH 21, 1901.

Absent, Whittle, J.*

1. STATUTE OF LIMITATIONS—*One Creditor May Plead Against Another.*— In a suit to administer the assets of a debtor, or to enforce liens on his property, one creditor may set up the statute of limitations against the demand of another, although the statute is not relied on by the debtor himself.

2. STATUTE OF LIMITATIONS—*Order for Account.*—An order for an account of liens suspends the running of the statute of limitations only as to the liens of those creditors who come in under the decree, or otherwise become parties to the suit. As to all others, the statute continues to run. It is not a statutory enactment, but a rule of convenience adopted by courts of equity to avoid a multiplicity of suits.

Appeal from a decree of the Circuit Court of Franklin county, pronounced October 6, 1899, in a suit in chancery under the style of *Prunty for &c.* v. *Saunders & Others,* wherein the appellant filed his petition and was admitted as a party.

*Affirmed.*

The opinion states the case.

*E. W. Saunders, S. A. Anderson* and *L. W. Anderson,* for the appellant.

---

* Judge Whittle decided the case in the Circuit Court.

*Dillard & Lee,* for the appellee.

BUCHANAN, J., delivered the opinion of the court.

This is a creditor's suit to subject the lands of a living debtor to the payment of the liens thereon. The statute of limitations was one of the defences relied on to defeat the appellant's demands. If the claim was barred by the statute, it will be unnecessary to consider the other defences. That question will, therefore, be first considered.

That one creditor may set up the statute of limitations against the demand of another, as was done in this case, although the statute was not relied on by the debtor himself, seems now to be settled in this State. *McCartney* v. *Tyrer,* 94 Va. 198.

A judgment was rendered September 3, 1866, upon a negotiable note, in which C. I. Saunders, the debtor in this suit, was the second, and appellant's decedent, W. C. Callaway, was the third endorser. No execution appears to have issued on the judgment. On or before September 23, 1881, there seems to have been paid out of the estate of Callaway, who had gone into bankruptcy, the sum of $1,350.06. The appellant claims that Saunders, as between himself and Callaway, was primarily liable for the debt, and that the estate of the latter is entitled to be subrogated to the rights of the judgment creditor against the lands of Saunders. The suit was instituted about the year 1888, the precise date does not appear; a decree for an account was rendered on or before May 15, 1889, and the appellant filed his petition in the case, asserting his demand in the year 1898. No execution having been issued on the judgment, it was clearly barred, as the statute of limitations had been running more than ten years before the institution of this suit, after deducting the period during which the statute was suspended as provided by law (Code sections 3573, 3577), and more than five years after the right of subrogation accrued (Code, sections 3574), unless, as is con-

tended by appellant, the running of the statute was stopped by a creditor's suit instituted against Saunders and others in February, 1878, in which a decree for an account was rendered in April of that year, and which remained on the docket until 1892, several years after this suit was instituted.

The doctrine that the statute of limitations is suspended when a decree for an account of the outstanding indebtedness is entered in a creditor's suit is not founded upon legislative enactment, but is a mere rule of courts of equity for the more convenient administration of the debtor's assets and to avoid a multiplicity of suits. *Stephenson* v. *Taverners*, 9 Gratt. 398 and 405-6; *Piedmont &c. Ins. Co.* v. *Maury*, 75 Va. 508, 510-12; 1 Daniel's Chy. Pl. & Pr. (5th ed.) 642, side page; 1 Barton's Chy. Pr. (2d ed.), 115.

It is sometimes broadly stated that the order for an account of liens suspends the running of the statute against all lien creditors. But no authority is cited, and in our investigation we have found no case, which holds that the order for an account will prevent the running of the statute against the demand of a creditor who did not assert his demand in the suit. On the contrary, the authorities show that the rule only applies to such creditors as come in under the decree, or otherwise become parties to the suit, and that as to all others the statute continues to run. 1 Dan. Chy. Pl. & Pr. (5th ed.), side page 643; *Sterndale* v. *Hankinson*, 1 Simons, 293. The appellant not having come in under the decree for an account in that case, nor become a party to the suit, cannot rely upon it to prevent the statute from running against his demand asserted in this case.

We are of opinion, therefore, that the appellant's claim is barred by the statute of limitations, and that the Circuit Court did not err in dismissing his petition, and that the decree appealed from must be affirmed.

*Affirmed.*