## Wytheville.

MONK AND ANOTHER V. EXPOSITION DEEPWATER PIER COR-
PORATION.

June 9, 1910.

Absent, Harrison, J.

1. MECHANIC'S LIEN—*Suit to Enforce—Limitation of Actions—Failure
to Make Subsequent Lienors Parties.*—If a suit to enforce a
mechanic's lien is brought within due time against the debtor
upon whose property the lien rests, the failure to implead subse-
quent lienors within six months does not defeat the lien so far
as such incumbrancers are concerned. They are proper parties,
but not necessary parties to such suits, and may be brought
in at a subsequent time.

2. MECHANIC'S LIEN—*Suit to Enforce—Nature of Suit—Other Lienors
as Parties.*—A suit to enforce a mechanic's lien is in no sense
a suit against other lien creditors, even when convened as
parties defendants. No relief is sought against them. They
are impleaded as a matter of convenience to enable the court
to audit the liens, to settle the rights of the respective parties,
to transfer the charge from the property to the purchase money,
to offer an unencumbered title to prospective purchasers, and
to offer the land for sale to the best advantage. The suit is
analogous to a lien creditor's suit, and is controlled by the
same consideration, and is subject to similar rules of equitable
practice.

3. LIMITATION OF ACTIONS—*Defense by One Creditor Against Another.*
—Where one creditor is allowed to set up the statute of limita-
tions to defeat the demand of another creditor against the
common debtor, it is necessary for him to show that the co-
creditor's debt is barred as between *himself and his debtor.*

Appeal from a decree of the Circuit Court of Norfolk
county. Decree for the defendants. Complainant appeals.

*Reversed.*

The opinion states the case.

*Jeffries, Wolcott, Wolcott and Lankford,* for the appellants.

*Williams & Tunstall,* for the appellee.

Whittle J., delivered the opinion of the court.

This is a suit in equity by the appellants, who were general contractors, originally against the appellees, the Exposition Deepwater Pier Corporation and the stockholders, under Va. Code, 1904, sec. 2484, to subject their property, known as "The Deepwater Pier," to a mechanics' lien thereon amounting to $5,913.94.

This suit was admittedly brought within six months from the time when the whole amount covered by the lien became payable, as prescribed by section 2481.

The second lien on the property in question is a deed of trust executed by the owners to W. L. Williams, trustee, to secure $40,000 in bonds issued by the corporation. After the expiration of the six months, the plaintiffs in the original bill filed an amended and supplemental bill, making the trustee and holders of the bonds parties.

In the decree appealed from, the circuit court dismissed both the original and amended and supplemental bills as to the trustee and holders of the bonds, because the suit against them was not brought within the six months. In other words, the holding amounts to this, that though a suit to enforce a mechanic's lien is brought within due time against the debtor upon whose property the lien rests, the failure to implead subsequent lienors within six months defeats the lien so far as such incumbrancers are concerned.

This is plainly an erroneous construction of the mechanic's lien act. There is no statutory requirement that subsequent incumbrancers shall be made parties, and though they are *proper* parties they are not *necessary* parties to such suit.

Section 2481 prescribes the six months' limitation, and

section 2484 declares that such liens may be enforced in a court of equity, and that when a suit is brought for that purpose all parties entitled to any such lien against the property bound thereby may file petitions in the main case for the enforcement of their respective liens, to have the same effect as if an independent suit were brought by each claimant, and the only priority among them is in favor of the sub-contractor over the general contractor. The statute prescribes no form of procedure, and such suits are to be conducted as other suits in equity to subject property to payment of liens. It is settled practice in the case of lien creditors of a living person or a corporation, that a suit will lie by one creditor on behalf of himself and other lien creditors; and such other creditors may come into the suit by petition or under a decree for account, and prove their liens before the master to whom an account of liens is referred. On the return of the account, the court sells the property of the debtor and distributes the proceeds among those entitled, as their rights appear. 1 Bar. Chy. Pr. (1st ed.) 270.

Such suit is in no sense a suit against other lien creditors of the common debtor, even when convened as parties defendant. No relief is sought against them; and, where such course is adopted, they are thus impleaded as matter of convenience to enable the court to audit liens, and transfer the charge from the property to the purchase money. In this way the court offers an unincumbered title to intending purchasers, and, in the interest of all concerned, the land is sold to best advantage.

In *Fidelity Loan, &c. Co.* v. *Dennis*, 93 Va. 504, 25 S. E. 540, Riely, J., at page 508, observes: "The statute, besides preserving, in a distribution of the proceeds of sale of the property, the equitable principle of natural justice, which is the basis of the mechanics' lien law, of giving to each lienor the benefit of his particular security, keeps also in view the settled practice

in this State, which requires that the liens and encumbrances upon real estate with their amounts and priorities shall be ascertained and determined before it is sold, in order that the parties interested may know how to act to protect their respective interests." See also, *Shultz* v. *Hansbrough*, 33 Gratt. 567, 577; *Bailey Const. Co.* v. *Purcell*, 88 Va. 300, 13 S. E. 456.

These cases and others illustrate the principle, that the two classes of litigation are analagous and controlled by the same consideration and subject to similar rules of equity. practice.

Section 2483 (after declaring that, "No lien or incumbrance upon the land created before the work was commenced or materials furnished shall operate upon the building or structure erected thereon, or materials furnished for and used in the same, until the lien in favor of the person doing the work or furnishing the materials shall have been satisfied), provides: "Nor shall any lien or encumbrance upon the land created after the work was commenced or materials furnished operate on the land or such building or structure until the lien in favor of the parties doing the work or furnishing the materials shall have been satisfied."

Under the plain language of this statement, it was necessary for the court to hold that the appellants had *no mechanics' lien against the Exposition Deepwater Pier Corporation itself* (there being no pretense that such lien had been satisfied) in order to give priority to the subsequent deed of trust; and the fact that the appellants had such a lien, if not a *concessum* in the case, is indisputably established.

It is true that in some cases, one creditor may set up the statute of limitations to defeat the demand of another creditor against the common debtor; but to sustain such plea it is essential to show that the co-creditor's debt is barred as

between *himself and his debtor.* *McCartner* v. *Tyrer*, 94 Va. 198, 26 S. E. 419; *Callaway* v. *Saunders*, 99 Va. 350, 38 S. E. 182.

In the case of *De la Vergne Refrigerating Mach. Co.* v. *Montgomery Brewing Co.*, 57 Fed. 111, 6 C. C. A. 272; the United States Circuit Court of Appeals of the Fifth Circuit, in construing the Alabama statute, which is substantially the same as the Virginia act, says: "If suit for the enforcement of the lien be commenced against the owner or proprietor within six months after the maturity of the indebtedness secured by it, the lien is not lost; and our opinion is that incumbrancers may, at any subsequent time, be made parties to the proceeding. The object in making them parties is to ascertain and adjust the priorities in the property charged with the lien, and to make the judgment in the proceeding binding on them. The effect of not making them parties is simply to exempt them from being concluded by the judgment. . . . It seems clear to us that the effect of not making them parties is not to lose the lien."

The cases relied on by counsel for the appellees are controlled by local statutes and have no application to a case arising under the Virginia statute, the provisions of which are essentially dissimilar.

The remaining assignment of error demanding consideration complains of the failure of the trial court to hold that under the facts in the case stockholders of the Exposition Deepwater Pier Corporation are personally liable upon their stock subscriptions to pay a sufficient sum to discharge the appellants' debt.

We do not think it necessary to pass upon that assignment at this time. The lien of the appellants, as we have seen, amounts only to $5,913.94, and the commissioner ascertains the value of the property upon which the lien rests to be $10,000. Therefore, the necessity for a call upon stockholders for any installment upon their stock is not likely to

arise. If, however, the real estate should prove inadequate to satisfy the lien, appellants are not to be concluded by the decree under review from seeking such relief as they may be entitled to, if any, against the stockholders.

For these reasons, the decree of the circuit court is reversed, and the case remanded for further proceedings to be had therein not in conflict with the views expressed in this opinion.

*Reversed.*