## CIRCUIT COURT OF THE CITY OF RICHMOND

James T. Bush Construction Co., Inc.

v.

Amratlah R. Patel et al.

December 11, 1987

Case No. (Chancery) N-2649-4

By JUDGE RANDALL G. JOHNSON

This action to enforce a mechanic's lien is before the court on plaintiff's motion to add a new party defendant.[1] The entity sought to be added is Dominion Bank of Richmond, National Association, the noteholder under a deed of trust on the property which is the subject of the lien. The necessity for joinder of Dominion, as alleged by plaintiff and recognized by the other parties, is the Supreme Court's decision in *Walt Robbins, Inc. v. Damon Corporation*, 232 Va. 43 (1986), which holds that in a suit to enforce a mechanic's lien, the beneficiary of an antecedent deed of trust is a necessary party to the action. Counsel for defendants Amratlah R. Patel and Manuben A. Patel (property owners), defendant Associated Construction Enterprises, Inc. (general contractor), and third-party defendant Dvorak Geotechnical Services, Inc. (testing and inspection service), all of whom will be collectively referred to herein as "defendants," appeared at the hearing on plaintiff's motion and expressed their opposition thereto. In addition, defendants urged the court to dismiss the action in light of *Walt Robbins*

---

[1] Plaintiff's motion also seeks to release and dismiss two present defendants. That portion of the motion is unopposed and need not be addressed herein.

because the noteholder had not been joined as a party defendant within the time provided by statute for bringing this action. Plaintiff contends that dismissal is not appropriate and, moreover, challenges defendants' standing to object to its pending motion or to request dismissal.[2] Because the court is of the opinion that amendment of the bill of complaint is proper in this action, the issue of standing need not be addressed.

As already mentioned, *Walt Robbins* makes it clear that the noteholder under an antecedent deed of trust is a necessary party to an action to enforce a mechanic's lien:

> Because the proceeds of a judicial sale under a decree enforcing a mechanic's lien may prove to be insufficient to pay both lien creditors in full, the beneficiary of an antecedent deed of trust has a property right which entitles him to notice and an opportunity to challenge the perfection of the mechanic's lien or to invoke the forfeiture provisions of Code Section 43-23.1. 232 Va. 43, 47.

Because more than six months have now elapsed since the memorandum of lien was recorded (*see* Va. Code § 43-17), defendants take the position that the noteholder may not now be added. To do so, according to defendants, would in effect allow a new action to be filed outside of the six-month limitation of the statute. In support of their argument, defendants point to the fact that in *Walt Robbins*, the Supreme Court not only reversed the decree of sale which had been entered by the chancellor, it also entered final judgment against the enforceability of the mechanic's lien there involved. Defendants contend that this expresses the Supreme Court's opinion that amendments to add necessary parties to suits to enforce mechanic's liens after the six-month limitation of § 43-17 are not proper since the Court's entry of final judgment in *Walt Robbins* precluded such an amendment there. This court does not agree.

---

[2] The issue of standing was not decided in Walt Robbins since it was raised for the first time on appeal. 232 Va. at 46 n. 2.

It is true that the action of the Supreme Court in *Walt Robbins* prevented that plaintiff from returning to circuit court and filing the precise type of amendment sought to be filed by plaintiff here. It is also true that a reading of the Court's opinion in *Walt Robbins* does not reveal any special facts to indicate that the entry of final judgment there was not indicative of the Court's feeling that amendments such as the one sought by plaintiff here are impermissible. By the same token, however, there is nothing in *Walt Robbins*, other than the bare fact that final judgment was entered on appeal, to indicate that such amendments are *not* permissible. In short, it cannot be discerned from *Walt Robbins* whether the issue of adding a necessary party after the six-month limitation period of § 43-17 was ever presented to or considered by the Supreme Court in that case. This court does not believe that the case at bar should be so drastically affected by the Supreme Court's unexplained entry of final judgment in *Walt Robbins.* Instead, assistance must be obtained from other cases. The court believes that an analysis of those other cases leads to the conclusion that the amendment should be allowed.

It has long been held in Virginia that *subsequent* lienholders may be added as parties to suits to enforce mechanics' liens after the expiration of the six-month limitation period. *Monk v. Exposition Corp.,* 111 Va. 121 (1910). In *Monk,* the Court cited with approval the case of *De la Vergne Refrigerating Mach. Co. v. Montgomery Brewing Co.,* 57 F. 111, 6 C.C.A. 272 (5th Cir. 1893), a case which interpreted an Alabama statute substantially the same as Virginia's:

> If suit for the enforcement of the lien be commenced against the owner or proprietor within six months after the maturity of the indebtedness secured by it, the lien is not lost; and our opinion is that encumbrancers may, at any subsequent time, be made parties to the proceeding. The object in making them parties is to ascertain and adjust the priorities in the property charged with the lien, and to make the judgment in the proceeding binding on them. The effect of not making them parties is simply to exempt them

from being concluded by the judgment. . . . It seems clear to us that the effect of not making them parties is not to lose the lien. 111 Va. at 125.

While *Monk* dealt with *subsequent* lienholders, its rationale seems equally applicable to an antecedent lienholder such as plaintiff seeks to join here. Specifically, the Court in *Monk* reasoned:

Such suit [to enforce a mechanic's lien] is in no sense a suit against the lien creditors of the common debtor, even when convened as parties defendant. No relief is sought against them; and, where such course is adopted, they are thus impleaded as [a] matter of convenience to enable the court to audit liens, and transfer the charge from the property to the purchase money. In this way the court offers an unencumbered title to intending purchasers, and, in the interest of all concerned, the land is sold to best advantage. 111 Va. at 123.

The court believes that these observations are just as valid in cases involving antecedent lienholders.

The court also finds support in the holdings of several West Virginia cases, also interpreting a statute virtually identical to Virginia's. In this regard, the case of *Lunsford v. Wren*, 64 W. Va. 458, 63 S.E. 308 (1908), is particularly instructive. In *Walt Robbins*, the Virginia Supreme Court cites *Lunsford* for the proposition that the "non-joinder of trustee renders bill to enforce mechanic's lien 'fatally defective'." 232 Va. at 48 (*see Lunsford*, 63 S.E. at 311).[3] A reading of *Lunsford*, however, clearly shows that the "fatally defective" language is an overstatement, since the Court concluded its opinion by stating:

---

[3] Neither the antecedent lienholder nor the trustees under the deed of trust securing the note had been joined in Walt Robbins. Both were deemed to be necessary parties by the Court, and the Court's holding is clearly applicable to non-joinder of either.

We are therefore of opinion to reverse the decree below, sustain the demurrers to each of the bills, remand the causes to the circuit court *with leave to plaintiffs to amend their bills if so advised*, and to be therein further proceeded with as herein directed, and further according to the principles governing courts of equity. 63 S.E. at 315 (emphasis added).

This was not new law in West Virginia. Indeed, in *Farmers' Bank of Fairmont v. Watson*, 39 W. Va. 342, 19 S.E. 413 (1894), a case in which neither the trustee *nor* the noteholder was joined, a situation identical to that in *Walt Robbins*, the Court stated:

It, therefore, appearing that the necessary parties were not before the circuit court at the time the decrees complained of were entered, said decrees are reversed, the sale of said lands is set aside and annulled, and this cause is remanded to the circuit court, at the costs of the plaintiff, *with leave for it to amend its bill by making new parties or otherwise*, as may seem proper and right, and to be further proceeded in according to the principles of law and equity. 19 S.E. at 415 (emphasis added).[4]

And in *Huntington Plumbing & Supply Co. v. McGuffin*, 75 W. Va. 78, 83 S.E. 194 (1914), a case involving the non-joinder of the general contractor (also a necessary party), the Court cited an identical earlier case in which such non-joinder resulted in the reversal of a decree. The Court then stated:

But when the case came up again, on the point here presented, we decided that such amendment does not prejudice the owner of ' the property, and that the suit is not barred because at

---

[4] In the case at bar, no decree of sale has yet been entered. This is a further reason for allowing an amendment here.

the time of the amendment six months had then elapsed. 83 S.E. at 195.

The court believes that the holdings in these cases, made after extensive analysis, are correct. Moreover, the court prefers to rely on holdings which specifically address the issue involved here, than to rely on the assumption that the mere entry of final judgment in *Walt Robbins* reflects the Supreme Court of Virginia's considered decision that such amendments can never be allowed.