HEYWARD & LEE CONSTRUCTION COMPANY, INC.

v.

SANDS, ANDERSON, MARKS & MILLER

Record No. 940165

January 13, 1995

Present: All the Justices

Edward B. Lowry (James P. Cox, III; Michie, Hamlett, Lowry, Rasmussen & Tweel, on briefs), for appellant.

Marshall H. Ross (Ronald D. Hodges; Wharton, Aldhizer & Weaver, on brief), for appellee.

JUSTICE STEPHENSON delivered the opinion of the Court.

In this appeal, we decide whether the trial court erred in ruling as a matter of law that the plaintiff's motion for judgment fails to allege a claim of legal malpractice.

Heyward & Lee Construction Company, Inc., formerly Heyward Construction Company, Inc. (Heyward), filed a motion for judgment against its former attorneys, Sands, Anderson, Marks & Miller (Sands Anderson), alleging that Sands Anderson was negligent in the filing of a bill of complaint to enforce mechanics' liens. Sands Anderson filed a demurrer on the grounds that the motion for judgment failed to allege facts sufficient to establish a claim of legal malpractice. The trial court sustained the demurrer and entered judgment in favor of Sands Anderson. We awarded Heyward an appeal.

In considering a demurrer to a motion for judgment, a court accepts as true all material facts expressly alleged and all reasonable inferences which may be fairly drawn from those facts. A demurrer, however, does not admit as true a pleader's conclusions

of law. *Russo* v. *White*, 241 Va. 23, 24, 400 S.E.2d 160, 161 (1991).

The facts as alleged in the motion for judgment are as follows. In March 1987, pursuant to an agreement with First Equities Corporative Centers V (First Equities), Heyward, a general contractor, commenced construction of certain improvements on a project in Henrico County known as the Forum. First Equities owned the Forum property.

When First Equities failed to pay the sums due Heyward under the terms of the agreement, Heyward engaged Sands Anderson to represent it regarding the filing and enforcement of two mechanics' liens against the Forum property. Sands Anderson filed on behalf of Heyward the first memorandum of mechanic's lien in April 1989, and the second in September 1989.

On July 18, 1989, after the filing of the first mechanic's lien but before the filing of the second lien, First Equities recorded a deed of trust that secured repayment of a note made by First Equities to W. Edward Holladay (the Holladay deed of trust). J. Henry Godwin and Robert G. Hofheimer were the trustees under the Holladay deed of trust.

On October 18, 1989, Sands Anderson filed a bill of complaint to enforce the two mechanics' liens. The bill of complaint named the following parties as defendants: First Equities; Joseph H. Harmon, II, and Harvey R. Coleman, in their individual capacities and as general partners of First Equities; SouthTrust Bank of Alabama, N.A. (SouthTrust Bank), the beneficiary of a $7,000,000 deed of trust recorded against the Forum property (the SouthTrust deed of trust); and Lawyers Title Insurance Corporation, the trustee under the SouthTrust deed of trust. Sands Anderson did not name as parties to the suit the trustees and the beneficiary of the Holladay deed of trust. On June 29, 1990, however, before the trial of the enforcement suit, but more than six months after the filing of either of the mechanic's liens, Sands Anderson filed an amended bill of complaint to add as parties the trustees and the beneficiary of the Holladay deed of trust.

In July 1991, the Circuit Court of Henrico County ruled that the trustees and the beneficiary of the Holladay deed of trust were proper but not necessary parties to the enforcement suit. SouthTrust Bank appealed that judgment to this Court, contending that the trustees and the beneficiary of the Holladay deed of trust were necessary parties who had not been proceeded against timely. By

order of this Court, entered August 21, 1992, in the appeal styled *SouthTrust Bank of Alabama, N.A., et al.* v. *Heyward Constr. Co., Inc.*, Record No. 911425, we ruled that the trustees and the beneficiary of the Holladay deed of trust were necessary parties to the enforcement suit and that they had not been joined as parties in a timely manner, *i.e.*, within six months after the mechanics' liens were filed, Code § 43-17. Accordingly, we reversed the circuit court's judgment and entered a final judgment in favor of SouthTrust Bank and others. This legal malpractice action ensued.

In order to establish a claim of legal malpractice, a plaintiff must show that the attorney failed to exercise "a reasonable degree of care, skill, and dispatch" in performing the services for which the attorney was employed. *Ortiz* v. *Barrett*, 222 Va. 118, 126, 278 S.E.2d 833, 837 (1981). A plaintiff also must show that such failure was the proximate cause of the loss. *See Raines* v. *Lutz*, 231 Va. 110, 113, 341 S.E.2d 194, 196 (1986) (medical malpractice). Generally, the questions, whether an attorney has exercised that degree of care and, if not, whether the failure was the proximate cause of the client's loss, are to be decided by a fact finder, after considering testimony of expert witnesses. *See Seaward International, Inc.* v. *Price Waterhouse*, 239 Va. 585, 592, 391 S.E.2d 283, 287 (1990) (professional accountancy malpractice); *Spainhour* v. *B. Audrey Huffman & Assoc.*, 237 Va. 340, 346, 377 S.E.2d 615, 619 (1989) (professional land surveyor malpractice); *see also Glenn* v. *Haynes*, 192 Va. 574, 582, 66 S.E.2d 509, 513 (1951). However, when these questions are purely matters of law, they are reserved for determination by a court and cannot be the subject of expert testimony. *Ortiz*, 222 Va. at 130, 278 S.E.2d at 839.

In the present case, resolution of the issue requires us to examine the state of the law at the time Sands Anderson provided legal services to Heyward. Years ago, in *Monk* v. *Exposition Corp.*, 111 Va. 121, 68 S.E. 280 (1910), we were presented with the question whether the trustee and beneficiaries of a deed of trust executed after the filing of a mechanic's lien but before the filing of the enforcement suit were necessary parties to the suit. In *Monk*, the plaintiffs-mechanics' lienors, after the expiration of the six-month limitation period, filed an amended bill of complaint adding the trustee and beneficiaries of the subsequent deed of trust as parties to the suit. The trial court dismissed the suit as to

the added parties. In reversing the trial court, we said that "[t]here is no statutory requirement that subsequent incumbrancers shall be made parties, and though they are *proper parties* they are not *necessary parties* to such suit." *Id.* at 122, 68 S.E. at 280. We also stated that the failure to make such subsequent lienors parties to the suit did not defeat their liens but " 'simply . . . exempt[ed] them from being concluded by the judgment.' " *Id.* at 125, 68 S.E. at 281 (quoting *De la Vergne Refrigerating Mach. Co.* v. *Montgomery Brewing Co.*, 57 F. 111 (5th Cir. 1893)).

We reaffirmed the *Monk* decision in *Finkel Products* v. *Bell*, 205 Va. 927, 140 S.E.2d 695 (1965). In so doing, we stated the following:

> The appellees argue that while subsequent lien creditors are proper parties to a suit to enforce a mechanic's lien, they are not necessary parties, and cite *Monk* v. *Exposition Corp.*, 111 Va. 121, 68 S.E. 280, which so states. But that case does not suggest that the failure to make a subsequent lienor a party destroys his lien. To the contrary, it points out that the mechanic's lien statute prescribes no form of procedure and suits to enforce the liens are to be conducted as other suits in equity to subject property to the payment of liens . . . . [*Monk*] also quoted from another case the statement that incumbrancers may, at any time subsequent to bringing the suit, be made parties to the proceeding in order to ascertain and adjust the priorities and to make the judgment in the proceeding binding on them, and the effect of not making them parties is simply to exempt them from being concluded by the judgment. 111 Va. at 125, 68 S.E. at 281.

*Id.* at 931-32, 140 S.E.2d at 698-99.

█ The *Monk* decision remained the law until our decision in *James T. Bush Construction Co.* v. *Patel*, 243 Va. 84, 412 S.E.2d 703 (1992), decided just over two years after Sands Anderson filed the underlying enforcement suit. In *Bush Construction Co.*, we applied a due process analysis and, for the first time, ruled that the trustee and beneficiary of a deed of trust recorded *subsequent* to the filing of the mechanic's lien but prior to the filing of the enforcement suit were necessary parties. *Id.* at 87-88, 412 S.E.2d at 705. In doing so, we expressly rejected "any construction of

*Monk* that would lead to the conclusion that the holder of an interest arising subsequent to a mechanic's lien is, *by definition*, a proper but not a necessary party." *Id.* at 88, 412 S.E.2d at 705.

Nonetheless, Heyward relies in large measure upon our decision in *Walt Robbins, Inc.* v. *Damon Corporation*, 232 Va. 43, 47, 348 S.E.2d 223, 226 (1986), decided prior to the filing of the enforcement suit, where we said that the issue of necessary parties to a mechanic's lien suit "is controlled by principles of due process of law." Seizing upon this language, Heyward argues as follows:

> The decision in *Walt Robbins* served notice on the practicing bar that, in deciding who must be named as defendants in a bill to enforce a mechanic's lien, the attorney must analyze whether each potential party is at risk of losing a right to assert or preserve a property interest. If the answer is yes, the person must be made a party. If the bar was under the impression before that the mechanic's lien statute itself somehow set the parameters of who were necessary parties, *Walt Robbins* should have made it clear that this was no longer the case—due process analysis would henceforth be the guide.

In *Walt Robbins*, however, we held that the beneficiary of an *antecedent* deed of trust was a necessary party to a suit to enforce a mechanic's lien. 232 Va. at 47, 348 S.E.2d at 226. Significantly, we noted, citing *Monk*, that "we have held that the beneficiary of a subsequent deed of trust is not a necessary party to a suit to enforce a mechanic's lien." *Id.* at 47 n.3, 348 S.E.2d at 226 n.3.*

[7-8] We think, therefore, that, when Sands Anderson filed the underlying suit to enforce the mechanics' liens, the law was clear: trustees and beneficiaries of deeds of trust recorded subsequent to the filing of a mechanic's lien but before the filing of the enforcement suit were *proper* but not *necessary* parties to the suit. Sands Anderson owed Heyward a duty of reasonable care and skill, and it would be unreasonable to hold them liable where, as here, they followed the well-established law. At the time the underlying enforcement suit was filed, neither they nor any other attorneys could have reasonably anticipated that *Monk* and its progeny would be overruled. Consequently, we hold, as a matter of law,

---

* In *Walt Robbins*, we also held that the trustee of the antecedent deed of trust was a necessary party to the suit to enforce a mechanic's lien. 232 Va. at 48, 348 S.E.2d at 227.

that, in light of well-established law existing at the time, the facts alleged in the motion for judgment did not state a claim of legal malpractice.

Accordingly, the trial court's judgment will be affirmed.

*Affirmed.*