# Richmond.

UTTERBACH V. MEHLENGER.

APRIL 18th, 1889.

Absent, Richardson, J.

JUDICIAL SALES—*Confirmation*—*Case at Bar.*—Report of liens was returned and confirmed without exception, and sale decreed. Then, further account of liens was ordered. Sale was afterward made at an unusually high price, and, without exception from any creditor, confirmed, but no distribution was directed. It was not claimed by judgment debtor that a higher price could be got at a second sale. Amount of liens greatly exceeded the price obtained: *held*, sale was properly confirmed, though the further account of liens remained untaken.

Appeal from decree of circuit court of Culpeper county, entered June 6, 1888, in the chancery suit wherein E. Mehlenger and others are complainants, and G. A. Utterbach, E. G. Utterbach, and others are defendants. The decree being adverse to the defendants, they obtained an appeal. Opinion states the case.

*G. D. Gray and Brook & Scott*, for the appellants.

*J. F. Rixey and W. L. Jeffries* for the appellees.

FAUNTLEROY, J., delivered the opinion of the court.

This suit was instituted by the judgment creditors of the

Utterbachs to subject the real estate of the said judgment debtors to the payment of their said judgments.

At the August rules, 1886, the complainants filed their bill, and at the September term, 1886, a decree was entered reciting that the process in the suit had been duly served upon all the defendants, taking the bill as confessed as to all, and ordering an account of liens, amounts and priorities, the fee simple and annual value of the lands, the relations of principals and sureties in the said judgments, and the order in which the lands of the defendants should be subjected to the payment of said judgments. In September, 1887, nearly one year after the entering of the decree ordering the account, as aforesaid, the master returned his report, which was confirmed, September 12th, 1887, without exception. The said report stated that the land, 239½ acres, was assessed at the valuation of $1,914, and that the judgment liens binding upon it amounted to $4,450 27; whereupon the court, reciting its opinion that the whole of the 239½ acres would have to be sold, appointed the counsel for the creditors in the suit, and the counsel for the judgment debtors, as commissioners to execute the decree for sale. At a subsequent day of the same term a decree was entered stating that it was suggested to the court that there were other judgments against G. A. Utterbach, and directing a further account of any outstanding liens against the land of G. A. Utterbach. The commissioners of sale reported to the court, that, after advertising the time, place, and terms of sale, as required by the decree of the court, they sold at public auction, in front of the court house door, on March 10th, 1888, the 239½ acres of land to W. E. Hackley, at $13 25 per acre; that the purchaser had complied with the terms of sale; and that the said land had been assessed at $8 per acre, and they recommended the confirmation of the sale. At the June term, 1888, the court, reciting in its decree that the sale had been regularly made, and for a high and unusual price, more than 50 per cent. over its assessed value, and that it was necessary to sell the whole

of the 239½ acres of land, confirmed the sale, but did not dispose of the proceeds.

From this decree of confirmation of sale, these judgment debtors have taken this appeal.

No creditor is complaining. The judgment debtors allege as error, that some of the papers had been lost; but they do not allege that the land did not sell for a fair price, or that it was unnecessary to sell the whole of the land.

The record shows that the court had before it all the papers necessary in passing upon the confirmation of sale: its former decrees, the master commissioner's report of liens, the value of the land, &c., and the report of sale. It was unnecessary to have the lost papers, or wait until they could be set up, before passing upon the sale. The purchaser insisted that the court. should either confirm the sale or release him; and the land had been sold for 50 per cent. above its assessment, and for a higher price than it would probably bring at a future day. The court did nothing more than it was authorized to do, so far as the lost papers were concerned, by the Code of 1887, section 3376.

Another ground of error alleged is, that the commissioners of sale made the sale, and the court confirmed it, before the order of the court, made September 14th, 1887, directing a "further account of any outstanding liens against the land of the said G. A. Utterbach," had been executed.

That order has never been executed, so far as this record shows; and while it was clearly to the interest of the judgment debtors to hold on to and enjoy the land, it was the right and interest of the judgment creditors to have the sale confirmed at the high and extraordinary price which it had brought at a sale regularly made under a confirmed report of liens—to which there were no exceptions, and which was not recommitted. The land was sold in March, 1888; and while it is all that the creditors can get from the appellants, whose interest it is to protract this litigation as long as they can possess and

enjoy the land, it is a matter of utter indifference to them how greatly the land shall depreciate in value.

The creditors all ask that the sale shall be confirmed, and the court certifies that the land brought a high price; and the judgment debtors make no claim or pretence that the land would ever bring as much again. Indeed the record shows that the appellants attended the sale, and, by bidding, run the land up upon the purchaser till they stopped bidding upon the advice and admonition of their friends, that the land was selling for more than its value. It was said by this court in *Effinger* v. *Kenney, Trustee,* 79 Va. (4 Hansbrough), 553: "We are satisfied, from the evidence, that the land was sold for a fair price; no advance bid was offered; no creditor is complaining; and there is nothing in the record to warrant the belief that, if the lands were again offered for sale, it would command a higher price."

In the case of *Trimble* v. *Harold,* 20 W. Va., the court says: "But it is insisted that the report of sale ought not to have been confirmed and that the sale should have been set aside, because the amount and priorities of the liens were not fixed when the sale was ordered. * * * There is nothing in this record to show that Harold was injured, in the slightest degree, by the error in this decree ordering the sale. There is no evidence that the property was sold for a dollar less than it otherwise would have sold for, if such error had not been committed." And the court affirmed the decision of the lower court confirming the sale.

The sale, in the case under review, was made in pursuance of a decree of the court confirming a report of liens and priorities; and the decree complained of does not dispose of the proceeds of sale, but only confirms a sale of the land for a high price, which was regularly made under its order; and the proceeds of sale do not pay much more than one-half of the regularly ascertained and admitted and reported judgment

debts for which the land was decreed to be sold. There is nothing in the proceedings which could, by any possibility, be prejudicial to the rights of the appellants; and the decree appealed from is without error, and it is affirmed.

DECREE AFFIRMED.