## Wytheville.

FIDELITY LOAN & TRUST CO. V. DENNIS AND OTHERS.

AUGUST 4, 1896.

Absent, Keith, P., and Harrison, J.

1. MECHANICS' LIEN—*Prior Deed of Trust—How Proceeds of Property Applied.*—If a mechanics' lien is recorded on property upon which there is a deed of trust, recorded before work began on the building or structure placed thereon, the deed of trust creditor is entitled to priority of satisfaction to the extent of the *estimated* value of the property without the improvements for which the lien is claimed. The value is to be estimated as of the date of sale, and may be fixed either directly by the court upon the testimony of witnesses, or by reference to a commissioner, subject to exceptions to his report.

Appeal from a decree of the Hustings Court of the city of Roanoke, pronounced February, 24, 1894, in a suit in chancery, wherein Dennis, Truitt & Co. and others, were the complainants, and Lavinia Trimmer was the defendant.

*Reversed.*

The opinion states the case.

*Thos. W. Miller* and *L. H. Cocke,* for the appellants.

*Scott & Staples,* for the appellees.

RIELY, J., delivered the opinion of the court.

The controversy here is between the owner of a prior incumbrance by deed of trust on real estate, and certain persons holding mechanics' liens for the construction of buildings

thereon and materials furnished for the same, as to the
proper distribution of the proceeds of sale of the property.
Its solution depends upon the true construction of sec. 2483
of the Code.

It is a general rule that all buildings and improvements
put upon mortgaged premises by the mortgagor, after the
execution of the mortgage, become a part of the freehold,
and inure, as such, to the benefit of the mortgagee.  And
there is no difference in this respect between a mortgage and
a deed of trust, but the principle is equally applicable to
both.  Many exceptions have been engrafted upon this rule
in modern times, and among them an exception in favor of
that deserving class of citizens, who, by their skill and labor
and materials, have contributed to the improvement of the
incumbered property.

The law-making power of this State, as that of govern-
ments generally, deeming it inequitable that a prior incum-
brancer should have the benefit of the increased value im-
parted to his security by the improvements put upon it until
the claims of those whose skill, labor, and property created
the improvements are satisfied, has wisely restricted the lien
of the incumbrancer, until their claims have been discharged,
to the land itself, exclusive of the improvements, and given
to them a first lien on the improvements for their claims.
This equitable principle pervades every part of the statute.
It preserves to the prior incumbrancer the benefit of his lien
to the extent of his original security, which is the value of the
land without the improvements, and, at the same time, gives
to the mechanic and to the furnisher of materials the first
lien on the building or structure put upon the land for the
amount of their debts.  All this is very plain upon the face
of the statute; and this equitable principle, which lies at its
foundation and pervades its every provision, is expressly
directed to be applied in the distribution of the proceeds of
sale of the premises when these several liens are enforced by

the court. It is only as to the manner of ascertaining the value of the land, exclusive of the improvements, and giving to the prior incumbrancer the benefit of his security to that extent, that any difficulty arises. As this is the only question to be decided, it is only necessary to refer to and construe that part of section 2483 which bears directly upon it.

It is there provided that, in the enforcement of mechanics' liens, " any lien or encumbrance created on the land . before the work was commenced or materials furnished shall be preferred in the distribution of the proceeds of sale only to the extent of the value of the land estimated, exclusive of the buildings or structures, at the time of sale, and the residue of the proceeds of sale shall be applied to the satisfaction of the liens provided for in the previous sections of this chapter," that is, to the mechanics' liens.

It is very clear that the prior incumbrancer is to have the benefit of his lien upon the land to the extent of the value thereof, exclusive of the buildings or structures placed thereon since the lien was created, and that its value is not to be ascertained as of some other time, when the land may have been worth more or less in market, but is to be ascertained at the time the liens are enforced by the court. It is to be ascertained at the time of sale. Nor can there be any doubt as to the manner whereby it is to be ascertained. It is to be ascertained by *estimation*. It is to be fixed by the court either from evidence submitted directly to it, or through the finding of a commissioner, subject to review by the court, as in other chancery causes. But the value is to be *estimated*, and fixed by the court before the property is sold; and the prior incumbrancer, as to the sum so fixed, is to be *preferred* in the distribution of the proceeds of sale. This amount, however, is all that he can obtain from the proceeds of sale until the mechanics having liens thereon are satisfied; and they are entitled to the *residue* of the proceeds of sale for the payment of their liens, if not more than sufficient

for that purpose, or, if more than sufficient, to so much as may be requisite to satisfy them.

The Hustings Court referred the matter to a special commissioner to take the accounts and make the necessary inquiries in the case; and he, after going upon the premises and taking with him practical appraisers of property for the purpose, who were unanimous in their estimate of the value of the land, exclusive of the improvements, assessed its value of $600. They also valued the land with the buildings at $3,600, and stated that the value of the land by itself as compared with the value of the land and buildings was as one to six. The report of the commissioner, in so far as it assessed the value of the land, exclusive of the buildings, at $600, was not excepted to by any party, which each had the right to do, and the court confirmed the report as to that particular matter without exception from either side. It was excepted to by the prior incumbrancer in so far as it purported to apportion the proceeds of sale between it and the holders of the mechanics' liens according to a fixed ratio, because such distribution was contrary to the statute; but the exception was overruled by the court.

The value of the land by itself, exclusive of the buildings, became thereby fixed, and determined the amount the prior incumbrancer was entitled to receive on account of his lien. He was, as to this sum, to be *preferred* in the distribution of the proceeds of sale of the property, and the holders of the mechanics' liens were entitled to the *residue*, or to so much thereof as might be necessary to satisfy their respective claims. This is to our mind the plain meaning of the statute. To adopt the construction so earnestly contended for by the counsel for the appellees, that the value of the land, exclusive of the buildings, should be estimated to bear a certain ratio to the estimated value of the land, inclusive of the buildings, and that the owner of the prior incumbrance should receive such fixed proportion out of the proceeds of

sale, would be in conflict with the principle that runs all through the statute, as well as contrary to its plain terms. Such distribution would cause the owner of the prior incumbrance and the holders of the mechanics' liens to share between them the proceeds of sale upon a fixed ratio, and destroy the preference expressly given by the statute to the former. Preference and ratio are not the same, but wholly distinct in principle. Where ratio prevails, there can be no preference.

The statute, besides preserving in the distribution of the proceeds of sale of the property, the equitable principle of natural justice, which is the basis of the mechanics' lien law, of giving to each lienor the benefit of his particular security, keeps also in view the settled practice in this State, which requires that the liens and incumbrances upon real estate, with their amounts and priorities, shall be ascertained and determined before it is sold, in order that the parties interested may know how to act or to bid to protect their respective interests. *Shultz et als.* v. *Hansbrough et als.*, 33 Gratt. 567, 577, and the cases there cited.

We are the better satisfied with the conclusion thus reached as to the true meaning of the statute, because the result tends to encourage the lending of money upon unimproved property. If the Legislature had intended by the provision in question what the counsel for the appellees contended for, few persons would he willing to lend money upon vacant or unimproved property, and take the risk of some building or structure being thereafter erected upon it by the owner, which he may at any time do without the consent of the lender, and be. compelled, against his wish, and contrary to his interest, to suffer an impairment of his security by having to share proportionately with the holders of mechanics' liens the proceeds of a forced sale of the premises. All would be slow to lend their money under such conditions, especially in cities and towns, where mechanics and

furnishers of building materials find the most extensive and profitable field for their operations. So, aside from the terms of the statute, by which we are bound in ascertaining its true meaning, a different intention by the Legislature would inaugurate a policy that would discourage loans upon vacant property, and greatly retard the progress of its improvement.

The Hustings Court, having refused to allow the appellant, in the distribution of the proceeds of sale of the property, the value of the land, exclusive of the buildings, as estimated, its decree, for the foregoing reasons, must be reversed.

*Reversed.*