## Wytheville.

### BRISTOL IRON AND STEEL CO. v. CALDWELL, TRUSTEE, AND OTHERS.

#### JULY 22, 1897.

1. CHANCERY PRACTICE—*Decrees to Sell Land—Amounts and Priorities of Liens.*—It is error to decree a sale of real estate to pay liens thereon until the amounts and relative priorities of such liens have been first ascertained.

Appeal from a decree of the Hustings Court of the city of Radford, pronounced January 11, 1897, confirming a sale of real estate made under a decree of said court in several chancery causes heard together.

*Reversed.*

*Bullitt & Kelley, Fulkerson, Page & Hurt, F. M. Leonard* and *J. B. Richmond,* for the appellants.

*Phlegar & Johnson, Rhea & Peters* and *Chas. R. Vance,* for the appellees.

HARRISON, J., delivered the opinion of the court.

This appeal is taken by the Bristol Iron and Steel Company, and a number of its creditors from a decree rendered on the 11th day of January, 1897, confirming a sale of the property, real and personal, of said company, made on the 11th day of December, 1896, by commissioners theretofore appointed for the purpose.

Sundry exceptions were taken to the confirmation of the sale by the appellants, which are repeated in the petition for appeal, and relied on as grounds for setting the decree aside.

It appears that a decree for sale was entered on the 19th day of December, 1893. From this decree an appeal was taken to this court upon disputed questions having no relation to the subject of this appeal. On the 16th of July, 1896, this court entered a decree affirming the decree of the court below, and on the 14th day of September, 1896, the cause was brought on to be again heard in the lower court, and a decree was entered modifying the first decree of sale in some particulars, and directing the same commissioners to proceed with the sale. On the 24th of August, 1892, all the property of the appellant company, consisting of land, valuable furnace plant situated thereon, machinery, &c., choses in action, stocks, &c., had been placed in the hands of a receiver; and between the date of the first decree of sale in December, 1893, and the second, in September, 1896, the court had, upon notice to the parties, ordered receiver's certificates to be issued for the purpose of paying taxes and other necessary expenses in preserving the property, declaring in the decrees authorizing the same that these certificates should constitute a first lien upon all the property of the company in the hands of the receiver. When the decree for sale of September, 1896, was rendered there was outstanding between fifteen and twenty thousand dollars (the exact amount does not clearly appear) of these certificates, constituting liens upon the property to be sold, which had not been audited, nor was the amount ascertained, nor their status as liens made to appear by the decree of sale. This unascertained condition of debts to be paid is one of the grounds urged for not confirming the sale.

There is no better settled rule of equity practice in this State than that which declares it to be premature and erroneous to decree a sale of land to satisfy encumbrances thereon before ascertaining the liens binding the land, and their amounts and priorities.

This principle was established at an early day in the leading case of *Coles* v. *McRae*, 6 Rand. 644, where it was held that such a decree was premature and erroneous, because a sale, without previously ascertaining and determining the liens and incumbrances, and the order in which they are chargeable, has a tendency to sacrifice the property sold, by discouraging the creditors from bidding, as they probably would, if their right to the satisfaction of their debts, &c., had been previously ascertained. This case has been followed by numerous decisions of this court to the same effect. Many of them are cited in *Horton* v. *Bond,* 28 Gratt. 815; *Shultz* v. *Hansbrough,* 33 Gratt. 567; and *Fidelity Loan, &c. Co.* v. *Dennis,* 93 Va. 504.

It follows from what has been said that the decree of September 14, 1896, was premature and erroneous in ordering the sale. The condition of the record at that time was well calculated to depress bidders and sacrifice the property. The court should have sustained this exception to the report of sale, declined to confirm it, and referred the case to a commissioner, and had ascertained, settled, and determined, what debts were chargeable on the lands, and on the personal property, the amounts thereof, to whom payable, and the order in which they were payable; and upon the incoming of that report, satisfactorily settling these matters, ordered a sale.

As the decree confirming the sale has to be set aside for the reason already given, it is unnecessary to consider the other grounds of objection made to its confirmation.

For these reasons the decree appealed from must be set aside, and the cause remanded to the court below to be further proceeded with in accordance with the views expressed in this opinion.     .

*Reversed.*