# Richmond

## MOTLEY'S ADMINISTRATOR V. CARSTAIRS, McCALL & CO.

### January 16, 1913.

1. MORTGAGES—*Deed Absolute on Its Face—Proof Required—Burden of Proof.*—While a deed absolute on its face may, in equity, be shown by extrinsic parol evidence to be a mortgage, the presumption is that the deed is what, on its face, it purports to be, and the burden of proof is upon the party who alleges the deed to be a mortgage to overcome this presumption by evidence which is clear, unequivocal and convincing—so convincing as to leave no doubt on the mind that a mortgage, and not an absolute conveyance, was intended.

2. LACHES—*Judgments—Enforcements.* — A creditor who obtained judgment on his claim in 1886, and had executions issued thereon from time to time from the date of the judgment until 1904, has not been guilty of such laches as would bar a suit in equity brought in 1909 to enforce the lien of his judgment against defendant's lands, even if the doctrine of laches applied to such a case.

3. JUDGMENTS — *Enforcement — Laches.*—The equitable doctrine of laches has no application to a suit in equity to enforce against the lands of a defendant the lien of a judgment which has been kept alive and is not barred by the statute of limitations. The creditor is seeking to enforce a legal, and not an equitable, right, expressly conferred by statute, and is not subject to terms or conditions.

Appeal from a decree of the Circuit Court of Pittsylvania county. Decree for the complainants. Defendants appeal.

*Affirmed.*

The opinion states the case.

*James L. Tredway, R. C. Coleman* and *Samuel A. Anderson,* for the appellants.

*Harris & Harris,* for the appellees.

Harrison, J., delivered the opinion of the court.

The bill in this case was filed by the appellees for the purpose of enforcing the satisfaction of a judgment held by them for $375.00, with interest and costs, which was obtained against S. T. Motley in 1886. This judgment was docketed in October, 1886, in the clerk's office of the Corporation Court of the city of Danville, and was kept alive by the repeated issuance of execution thereon until 1904, when it was docketed in the county of Pittsylvania where this suit was brought for its satisfaction, by a sale of a tract of forty-five acres of land situated in that county, which appears of record as the property of S. T. Motley, the judgment debtor.

Over the objections of the appellants the circuit court confirmed a report of its commissioner, ascertaining that the forty-five acres of land in controversy belonged to the judgment debtor, and ordered its sale for the satisfaction of the judgment lien asserted against it by the appellees. From that decree this appeal was taken.

The land in controversy was conveyed to S. T. Motley by Mrs. A. A. Hampton, by deed dated March 15, 1886, which was duly recorded. That deed was absolute on its face, and acknowledged that the consideration for the conveyance was $300.00, paid to the grantor by the grantee. The property stood under this deed in S. T. Motley's name until January 13, 1909, when he conveyed it to one J. B. Price, who a short time thereafter conveyed the same to one Agnes Fitts. Both Price and Agnes Fitts took their conveyances with knowledge of the appellees' judgment lien, which was at the time of record in the county where the land was situated.

The contention of the appellants is that the deed from

Mrs. Hampton to Motley, although absolute and uncon-
ditional on its face, was merely intended as a mortgage
to secure Motley the sum of $150 or $160 due to him by
the grantor, and that subsequently the debt was paid off
by Mrs. Hampton.

In *Holliday* v. *Willis,* 101 Va. 274, 278, 43 S. E. 616, 617,
it is said: "The doctrine that a conveyance of land, abso-
lute on its face, may in equity be shown by extrinsic parol
evidence to be a mortgage is, of course, too well settled
to require either discussion or the citation of authority to
sustain it.   But it is equally well settled that the pre-
sumption in such cases always is that the deed is what, on
its face, it purports to be, and in order to repel that pre-
sumption the evidence must be clear, unequivocal and con-
vincing."   And again at page 279 it is said: "The proofs
must be so convincing as to leave no doubt on the mind
that a mortgage, and not an absolute conveyance, was
intended."

The competency of most of the witnesses introduced by
the appellants is assailed by the appellees, but we deem it
unnecessary to discuss or pass upon these exceptions, for
the reason that conceding all of the evidence adduced to
be competent it is insufficient to sustain the contention
that the deed from Mrs. Hampton to S. T. Motley, dated
March 15, 1886, was intended merely as a mortgage.

"The burden of proof rests upon the party who alleges
that a deed absolute in form was really intended as a
mortgage." 27 Cyc., p. 1018.

The proof in the case at bar is far from unequivocal or
convincing.   Mrs. Hampton, the grantor in the deed under
consideration, was the mother-in-law of the grantee, S. T.
Motley, who was a merchant.   The evidence that there
was any debt due from Mrs. Hampton to Motley is not
clear or satisfactory, and no attempt is made to explain
why the consideration for the conveyance was stated to

be $300.00 by the grantee when the alleged mortgage was only $150.00 or $160.00. There is evidence tending to show that no one had lived on the land since 1886; that about two years before the institution of this suit Motley, the judgment debtor, was claiming the land as his own and trying to sell it, and when told of the judgment lien upon it said he knew of the judgment, but could compromise that for very little and pay it out of the proceeds of sale.

The entire record has been carefully considered, and without further detail it must suffice to say that appellants have not shown by such clear, unequivocal and convincing proof as to leave no doubt on the mind that a mortgage and not an absolute conveyance was intended.

The appellants contend that inasmuch as this is a suit in equity, which alone has jurisdiction to enforce a judgment alleged to be a lien upon real estate, they have the right to invoke and rely upon the doctrine of laches. They insist that the appellees have been guilty of laches, in this, that their judgment was recovered in 1886, and yet this suit was not brought to enforce it until 1909, after Motley, the judgment debtor, had conveyed the land in question to J. B. Price.

This position is not tenable. The record distinctly shows that the appellees did not delay endeavoring to make their judgment out of Motley; on the contrary, it is not denied that they issued execution upon the judgment from time to time, even as late as 1904, thus showing that they had no intention of abandoning their claim, of which appellants had notice. But apart from this the doctrine of laches is not applicable to this case. The appellees are not enforcing an equitable but a legal right, which is not subject to the equitable doctrine of laches. *Flanary* v. *Kane,* 102 Va. 547, 559, 46 S. E. 312, 681; *Price* v. *Thrash,* 30 Gratt. (71 Va.) 515.

In 1 Minor on Real Property, sec. 699, the rule is stated as follows: "It is to be observed that a judgment creditor who comes into a court of equity to enforce his lien upon the debtor's land is not asserting an equitable right or seeking relief which it is in the court's equitable discretion to grant or deny. His judgment is a legal lien, created expressly by statute. Hence, while it is an ordinary rule of the court of chancery that he who asks equity must do equity, this principle has no application here, because the judgment creditor's right to resort to the court of equity to enforce his lien is a legal right, without terms and conditions imposed."

In the light of the authorities cited, we are of opinion that the objection of laches is not well taken.

There is no error in the decree complained of, and it must be affirmed.

*Affirmed.*