Merrimack, }
March 7, 1922. }

WILLIAM E. VIRGIN *v.* CLESS D. BRITTON *& a.*
MANLEY W. MORGAN *v.* SAME.

P. S., *c.* 141, *s.* 10, as amended by Laws 1905, *c.* 41 does not create a lien entitled to a preference over a prior mortgage; but creates a lien on materials furnished for the erection or repair of a house, etc. and upon the house, etc. itself even though such materials have not become a part of the real estate at the time the attachment to secure the lien is made.

Though the lien of a mortgage (not to secure future advances), given prior to work done and materials furnished, attaches at the time various sums are advanced and not at the time the mortgage is recorded, a subsequent lienor who receives payment from money advanced by the mortgagee subsequent to the work done or materials furnished cannot redeem without payment thereof; and the same preference exists in favor of such advancement as against another and subsequent lienor whose right is acquired prior to such advancement and payment.

ASSUMPSIT. Two actions to enforce liens against a house owned by the Brittons and mortgaged by them to the defendant bank. The mortgage was made July 8 and recorded July 10, 1916, to secure the payment of a note for $6600. The defendant bank advanced $5400 at the time the mortgage was made; $200, October 4, 1916, and the balance on November 25, 1916.

Beginning in August, 1916, Virgin did work and furnished materials in repairing the house to the amount of $2310.16 and has been paid $906.50, leaving $1403.66 and interest from December 3, 1916, still due him. Nine hundred dollars of the sum paid him came from the money advanced by the bank to the Brittons, November 25, 1916.

Beginning October 21, 1916, Morgan did work and furnished materials in repairing the house for which there is due him the sum of $698.07, and interest from December 1, 1916.

The question of the priority of the rights of the parties in and to the house was transferred by *Sawyer*, J., from the October term, 1920, of the superior court, without a ruling.

*Robert W. Upton*, for the plaintiffs.

*Nathaniel E. Martin*, for the defendant bank.

YOUNG, J. Public Statutes, *c.* 141, *s.* 10 provides that "if a person shall, by himself or others, perform labor or furnish materials to

the amount of fifteen dollars or more, for . . . repairing a house . . .
by virtue of a contract with the owner thereof, he shall have a lien
thereon and on any right of the owner to the lot of land on which
the house" stands. As this section was construed, the lien given
by it did not extend to materials provided for the erection or repair
of a house unless and until they were used for that purpose. *Kent
v. Brown*, 59 N. H. 236; *Graton & Knight Mfg. Co.* v. *Company*, 69
N. H. 177; and in 1905 the legislature amended it by striking out
"thereon" and inserting in its place "on any materials so furnished
and on said house," so that the section as amended reads, "If any
person shall, by himself or others, perform labor or furnish materials to
the amount of fifteen dollars or more, for . . . repairing a house . . .
by virtue of a contract with the owner thereof, he shall have a lien
on any materials so furnished, and on said house . . . and on any
right of the owner to the lot of land on which the house" stands.
Laws 1905, *c.* 41.

The natural conclusion, when *s.* 10 as amended by *c.* 41 is read in
the light of the construction the court had given the original section,
is that it was the office of *c.* 41 or its purpose in the legislative scheme
to give a mechanic or materialman a lien on materials furnished for
the erection or repair of a house even though they have not become
a part of the real estate at the time the attachment is made, as well
as on the house itself and the land on which it stands.

The plaintiffs, however, contend that the office of *c.* 41 is to give
the liens created by *s.* 10 a preference over mortgages made and re-
corded before the contract out of which the liens arise was made.

There is nothing in the language of the act or the circumstances
under which it was enacted to sustain the plaintiffs' contention, and
while some of the cases on which they rely (*Grand Opera Co.* v.
*McGuire*, 14 Mont. 558; *Land Mort. Bank* v. *Company*, 89 Tex. 332;
*Wimberly* v. *Mayberry*, 94 Ala. 240; *Fidelity &c. Co.* v. *Dennis*, 93
Va. 504) may be authorities for the proposition that the legislature
might have provided that the plaintiffs' liens should have a preference
over the bank's mortgage, they have no tendency to prove that was
what the legislature intended when it enacted *c.* 41.

In other words, the fact the statutes these courts were construing
provide that a mechanic's lien shall be preferred to a prior mortgage
has no tendency to prove that is what the legislature intended to
do when it enacted *c.* 41.

The plaintiff also contends that the bank cannot "set up its mort-
gage against the plaintiffs," because it authorized them to make the

improvements. It is enough in so far as this contention is concerned to say that the court instead of finding that the bank authorized the plaintiffs to make the improvements, has found that it "had nothing to do with the employment of either of the plaintiffs."

This brings us to the question of the time when the various liens attached. The bank's lien in so far as the plaintiffs are concerned, attached at the time the different sums were advanced to the Brittons, not at the time the mortgage was made or recorded. *International Trust Co.* v. *Company*, 70 N. H. 118; *Sly* v. *Pattee*, 58 N. H. 102. The plaintiffs' liens attached at the time they began the execution of the contracts with the Brittons under which the work was done and the materials were furnished. That is, Virgin's lien attached August 9, 1916, and Morgan's October 21, 1916. *Kendall* v. *Pickard*, 67 N. H. 470; *Cheshire Prov. Inst.* v. *Stone*, 52 N. H. 365.

At the time Virgin's lien attached, the bank had advanced $5400 on the mortgage. Consequently he could redeem from the bank by paying it that sum with interest from the date of the note, but for the fact that $900 of the money he has been paid came from the money advanced by the bank November 25, 1916. Consequently he must pay the bank that sum with interest as well as the $5400 in order to redeem from the bank's mortgage.

Morgan made his contract with the Brittons, October 21, 1916, and at that time the bank had advanced $5600 on the mortgage. Consequently he must pay the bank that sum with interest from the date of the note together with the $900 paid to Virgin on the 25th of November, for Virgin's lien attached before Morgan's. *Kendall* v. *Pickard, supra.* The bank's lien, therefore, is to be preferred to Morgan's, not only as to the amount due on the mortgage when his lien attached, but also as to the money subsequently advanced by the bank in so far as it was used to satisfy Virgin's lien.

*Case discharged.*

All concurred.