## Richmond

FINKEL OUTDOOR PRODUCTS, INC., ET AL. v. S. J. BELL, ET AL.

March 8, 1965.

Record No. 5892.

Present, Eggleston, C. J., and Spratley, Buchanan, Snead, I'Anson and Carrico, JJ.

*Dillard C. Laughlin* and *C. Wynne Tolbert* (*Jesse, Phillips, Kendrick & Gearheart; Tolbert, Lewis & Fitzgerald*, on brief), for the appellants.

*Albert H. Grenadier* (*Bendheim, Fagelson, Bragg & Grenadier*, on brief), for appellees: Hawaiian Freestone, Inc.; Henry Garfinkle; Herbert Zelenko; David Lawrence and Albert P. Dicker.

BUCHANAN, J., delivered the opinion of the court.

On August 10, 1962, Finkel Outdoor Products, Inc., (Finkel), and Coastal Electronics & Sound Company, Inc., (Coastal), suing for themselves and all other lien creditors of Freestone Holding Company, Inc., (Freestone), filed their bill in equity against S. J. Bell and others. The bill alleged that on December 10, 1958, Finkel obtained a judgment against Freestone for $3,841.50, which was duly docketed in Prince William county on December 22, 1958; and that prior to March 24, 1959, Coastal obtained a judgment against Freestone for $4,804.65, which was duly docketed in said county on March 24, 1959; and that others, named as defendants, had obtained judgments against Freestone in the sums and at the dates stated in the bill, and which had been duly docketed in said county.

The bill further alleged that Freestone owned a tract of land in Prince William county containing 506 acres, described in the bill, which was subject to a deed of trust and also to the judgments of Finkel and Coastal and the other judgment creditors named in the bill; and that after said liens had attached the said tract of land owned by Freestone had been conveyed to defendants Hawaiian Freestone, Inc., Henry Garfinkle, Herbert Zelenko, David Lawrence and Albert P. Dicker.

The bill prayed that an accounting be had to determine the liens on the land and their priority, and that the land be sold and the proceeds applied to the liens.

To this bill the defendants Hawaiian Freestone, Inc., Garfinkle, Zelenko, Lawrence and Dicker filed a plea of laches, a demurrer and a motion to dismiss. The latter averred that by a valid decree entered in Chancery Cause No. 1624 of S. J. Bell Construction Co. v. Freestone and others, the court confirmed the sale of the Freestone tract of land to 1025 15th Street Corporation and directed its special commissioner to convey the same to the purchaser free and clear of all liens, and that these defendants purchased the same from said

grantee and are the *bona fide* owners thereof; and that although the complainants Finkel and Coastal had notice and an opportunity to be heard concerning the sale, they did not appear and should be now estopped to deny the title of these defendants.

By decree entered October 25, 1963, from which this appeal was taken, and which recited that the entire record in the consolidated Chancery Causes Nos. 1624, 1601 and 1607 was received in evidence, the demurrer and plea of laches of defendants Hawaiian Freestone and others were sustained and their motion to dismiss was granted "as to all defendants."

Chancery Cause No. 1601 was instituted by Eugene W. Zimmerman against Freestone by bill filed January 17, 1958, to enforce a mechanic's lien for $35,270.87 recorded on October 14, 1957, in which suit William P. Gelberg, Inc., filed a petition to enforce his mechanic's lien for $3,919, which had been duly recorded.

Chancery Suit No. 1607 was instituted by Bernard H. Putziger, Inc., by bill filed February 17, 1958, to enforce its mechanic's lien for $48,648.08, duly recorded.

By decree dated December 16, 1959, these two causes were consolidated with Chancery Cause No. 1624, which was a suit brought April 28, 1958, by S. J. Bell Construction Co., Inc., against Freestone to enforce its mechanic's lien for $203,142.10, which had been duly recorded against the property of Freestone. The decree states that the three causes are consolidated with one another so that they may proceed before the commissioner in chancery to whom they have been referred as one consolidated case.

By decree entered also on December 16, 1959, in No. 1624, that cause was referred to a commissioner in chancery with direction to report the real estate owned by Freestone; what amount of the real estate was necessary to the enjoyment of the improvements which were subject to the mechanic's liens; the delinquent taxes and other liens on said real estate; whether a sale should be ordered to satisfy the mechanic's liens and the amount that should be sold; whether all parties interested were before the court, and other matters deemed pertinent.

The commissioner, so far as the record shows, took no action and he filed no report.

On September 8, 1961, a decree was entered in No. 1624 which recited that "all the parties hereto" have effected a compromise settlement and that it is the desire of all of the parties to said suits

and other parties in interest to sell and dispose of the real estate and improvements thereon, subject to certain notes secured by first and second deeds of trust; that an offer to buy the Freestone property for $138,337.87 and assume the deeds of trust had been made by 1025 15th Street Corporation, which the parties have requested the court to approve; that the court finds from testimony taken that the value of the land and improvements does not exceed the sum of the taxes, the valid mechanic's lien claims and the balance due under the deeds of trust, and that the offer of purchase should be accepted.

It was accordingly decreed that said property be sold for the sum offered, subject to the deeds of trust, and a special commissioner was appointed to convey the property and improvements to the purchaser "free and clear of the claims of any and all creditors, judgment or otherwise," and also of any claim or interest of Freestone, "all of which interests, except those under the aforesaid first and second deeds of trust, are hereby extinguished;" and the special commissioner was directed to disburse the purchase money as set out in the decree.

The special commissioner reported that he disbursed the purchase money to the payment of costs, taxes and to the four holders of the mechanic's liens, as directed by said decree. His report was confirmed by decree of January 8, 1962, which states that it is final. The special commissioner, at the request of the purchaser, made the deed to Hawaiian Freestone, Inc., Garfinkle, Zelenko, Lawrence and Dicker, according to a copy printed in appellants' reply brief.

The appellants contend that the trial court erred in decreeing that the property be conveyed free and clear of their judgment liens and that their judgment liens be extinguished. We agree with that contention.

These judgment lien creditors were not made parties, were not served with process and never became parties to the consolidated suits. The only parties to those proceedings were the four mechanic's lien creditors, the deed of trust creditors and Freestone.

There is in the record an affidavit by one Robert W. Sherwin that he was Chairman of the Creditors' Committee of Freestone and that on August 21, 1961, he mailed to the creditors of Freestone (without further identification) a copy of the notice attached to the affidavit. The copy is titled "NOTICE TO PARTIES IN ABOVE CAPTIONED CASES [being the four mechanic's lien cases] AND TO ANY OTHER PARTIES IN INTEREST AND TO JUDGMENT AND OTHER CREDITORS OF FREESTONE HOLDING COMPANY, INC." It stated that an offer to purchase the

property described in Deed Book 214, page 174, had been received and the parties to the above entitled causes had compromised their differences and the court had set September 8, 1961, for the submission of a decree; that the proposed decree may accept the offer to purchase the property and provide for the payment of "certain mechanics' liens and certain expenses and costs;" that the court would be requested to confirm the offer of purchase free of all other claims, liens or judgments other than the first and second deeds of trust, and to appoint a special commissioner to execute the deed; that any person desiring to oppose the decree could do so at that time. A notice in the same language, signed by one of the mechanic's lien holders, appears to have been published in a newspaper on August 24 and August 31, 1961.

So far as the record discloses these notices were voluntary acts, not directed or authorized by the court, and it is not shown that they came to the attention of the appellants. They did not and could not serve to make the appellants parties to the suit or give jurisdiction to the court to extinguish their judgments or free the property from their judgment liens.

It is fundamental, of course, that no person may be deprived of his property without due process of law. "One of the essentials of due process is notice. This is especially true in proceedings of a judicial nature affecting the property rights of citizens." 16 Am.Jur.2d, Constitutional Law, § 560, p. 963.

Jurisdiction is the power to adjudicate a case upon the merits and dispose of it as justice may require. There must be jurisdiction of the subject matter of the litigation and also over the parties thereto. If either is wanting the resulting judgment is void. The defendant must be properly brought before the court, else there will be no jurisdiction over him and a judgment against him will be void. *Shelton* v. *Sydnor*, 126 Va. 625, 629-30, 102 S.E. 83, 85.

"Judgments without personal service of process within the state issuing it, or its equivalent, or upon a service of process in a manner not authorized by law, are void judgments, and may be so treated in any proceeding, direct or collateral. * *" Burks Pl. & Pr., 4 ed., § 353, pp. 667-8.

The appellees argue that while subsequent lien creditors are proper parties to a suit to enforce a mechanic's lien, they are not necessary parties, and cite *Monk* v. *Exposition Corp.*, 111 Va. 121, 68 S.E. 280, which so states. But that case does not suggest that the

failure to make a subsequent lienor a party destroys his lien. To the contrary, it points out that the mechanic's lien statute prescribes no form of procedure and suits to enforce the liens are to be conducted as other suits in equity to subject property to the payment of liens, and approved a statement in *Fidelity Loan, &c. Co.* v. *Dennis*, 93 Va. 504, 25 S.E. 546, that the statute keeps in view " 'the settled practice in this State, which requires that the liens and encumbrances upon real estate with their amounts and priorities shall be ascertained and determined before it is sold, in order that the parties interested may know how to act to protect their respective interests.' " 111 Va. at 123-4, 68 S.E. at 281. It also quoted from another case the statement that incumbrancers may, at any time subsequent to bringing the suit, be made parties to the proceeding in order to ascertain and adjust the priorities and to make the judgment in the proceeding binding on them, and the effect of not making them parties is simply to exempt them from being concluded by the judgment. 111 Va. at 125, 68 S.E. at 281.

■ The main contention of the appellees to whom the property was conveyed is that they are entitled to the protection of § 8-673 of the Code, which provides that if a sale of property be made under a decree of a court, and is confirmed, the title of the purchaser shall not be disturbed unless within twelve months from the confirmation the sale is set aside by the trial court or an appeal is allowed by this court; "but there may be restitution of the proceeds of sale to those entitled."

This section was § 6306 of the Code of 1919, and in *Gee* v. *McCormick*, 142 Va. 173, 128 S.E. 541, the purchaser at a judicial sale of infants' land relied on it to save his purchase; but the court there said that the decree of sale was void "and by no process known to the law can the statute relied on breathe the breath of life into a dead thing;" and the court added: "In no case has the statute been applied where the relief sought was based upon a void decree." 142 Va. at 188, 128 S.E. at 545-6.

In *Brenham* v. *Smith*, 120 Va. 30, 90 S.E. 657, the court said the question for it to decide was whether § 3425 (of the Code of 1887, similar to present § 8-673) could be successfully invoked by a purchaser who had bought under a void decree, and its answer was no. It was said in the opinion:

"* * In every case there must not only be jurisdiction of the person and the subject matter, but the person and the subject matter must be brought before the court in a manner authorized by law;

otherwise the judgment or decree is void and not merely erroneous or voidable, and may be set at naught either by a direct proceeding in the cause in which it was rendered or by a collateral attack. These propositions are elementary and fundamental and are recognized as law everywhere. * *" 120 Va. at 35, 90 S.E. at 658.

An additional question referred to in appellants' assignments of error relates to the sustaining of the appellees' plea of laches. Laches has been defined as an omission to assert a right for an unreasonable and unexplained length of time, under circumstances prejudicial to the adverse party. Black's Law Dict., deluxe 3d ed., p. 1062. Appellants' suit to enforce their judgments was filed within seven months after the decree of January 8, 1962. The assertion of rights therein was not unreasonable or unexplained with respect to a suit to which the complainants were not parties. Also the appellants "are not enforcing an equitable but a legal right, which is not subject to the equitable doctrine of laches." *Motley* v. *Carstairs*, 114 Va. 429, 432, 76 S.E. 948, 949.

The judgments of the appellees were, so far as this record shows, valid and subsisting liens against the property of Freestone Holding Company, Inc., and the decree of October 25, 1963, entered in suits in which they were not served with process and were not parties, to the extent that it undertook to extinguish said judgments and ordered a conveyance of the property free and clear of the claims of all judgment creditors, was void and of no effect.

Said decree is therefore reversed and the cause is remanded to the court below to be further proceeded in on the complainants' bill, to the end that proper references may be had and steps taken to determine the liens against the property of Freestone Holding Company, Inc., and the order of their priority, with opportunity to the judgment lien creditors and other lienors to be heard with respect to the amount and validity of the mechanic's liens and the property subject thereto, and to have other relief to which they may show themselves to be entitled.

*Reversed and remanded.*