## CIRCUIT COURT OF LOUDOUN COUNTY

First State Holdings, Inc.

v.

Shor Leesburg Associates
Limited Partnership et al.

Case No. (Chancery) 13875

Frankel

v.

Shor Leesburg Associates
Limited Partnership et al.

Case No. (Chancery) 13877

July 7, 1992

BY JUDGE THOMAS D. HORNE

These two mechanics lien cases came before the Court on demurrer and pleas in bar. Complainant, First State Holdings, Inc., asserts that it was engaged by Shor Leesburg Associates to coordinate, administrate and manage the renovation and conversion of Shor Leesburg's property from rental units to condominiums. For such services, First State claims a lien upon the property formerly owned by Shor Leesburg. The demurrer to First State's bill to enforce its mechanics' lien has previously been overruled by Order entered June 22, 1992.

Complainant, Frankel, asserts a lien as construction supervisor arising out of construction and renovation work related to the conversion of the apartments to condominiums.

The property owned by Shor Leesburg is known as Prosperity Woods and is located in the Town of Leesburg, Virginia. Prior to conversion, the project was occupied as apartments.

By way of pleas in bar, Defendant Riggs National Bank contends that the purported liens of First State and Frankel are subordinate to the lien of the Credit Line Deed of Trust and Deed of Trust Modification upon which Riggs foreclosed on the default by Shor Leesburg on the underlying indebtedness. The original Deed of Trust securing a $7,000,000 loan by Riggs to Shor Leesburg Associates Limited Partnership was dated June 17, 1986. These funds were to be used in connection with the construction of "134 garden apartment units, together with appurtenant improvements such as roadways, parking areas and a swimming pool." The deed of trust modification entered into between Shor Leesburg and Riggs almost four years later (February 21, 1990) increased the principal amount of the original loan by $1,250,000 ($8,250,000). The deed of trust modification provided for such an increase in the loan proceeds to be advanced in order, "to enable [the] Borrower to convert the Property to a condominium regime." Riggs, upon default under the note secured by the deeds of trust, foreclosed upon the property in November, 1991.

By way of pleas in bar, Riggs claims that the liens of First State and Frankel are subordinate to its trust lien in the amount of $8,250,000. Thus, they argue, as the property brought only $5,750,000 at foreclosure, the mechanics' liens of First State and Frankel were discharged.

The argument of Riggs relates to the proper application of the provisions of Section 43–21, Code of Virginia, to the facts of this case.

They rely upon the following language in their claim that the asserted liens by each of the Complainants for work performed in the conversion of apartments to condominiums are barred:

> liens filed for performing labor or furnishing materials for the repair or improvement of any building or structure shall be subject to any encumbrance against such land and building or structure of record prior to the commencement of the improvements or repairs or the furnishing of materials or supplies therefor. Nothing contained in the foregoing process shall apply to liens that may be filed for the construction or removal of any building or structure.

The Court is of the opinion that the provisions set forth above, when applied to the facts of this case, warrant a sustaining of the pleas and a discharge of the instant liens.

Generally, a pre-existing encumbrance is deemed a first lien on the land a second lien on improvements.. Section 43–21, Code of Virginia, as amended. *Fidelity Loan & Trust Co. v. Dennis, et al.*, 93 Va. 504 (1896). However, this rule does not apply to repairs or improvements to existing structures. Counsel for the Complainants would suggest that the Court view the apartment construction and condominium conversion as one project rather than as original construction and a later improvement. It is suggested that because a modification to existing financing was obtained rather than new loan secured by a separate deed of trust, then the the nature of work performed on the project is directly affected. Thus, the lienors assert that Riggs should not be accorded preferred status, as to do so would be inequitable. The Court believes that the evidence clearly demonstrates that this case falls with the exclusion relied upon by Riggs, and to rule in its favor is neither contrary to the facts nor unjust in its result.

The "project" was begun as an apartment complex. Financing was obtained by the owner for construction of apartments. These apartments were then occupied by tenants. Four years later, pursuant to a new note and loan agreement, the owner again borrowed money from the same lender. Complainants were employed to oversee the conversion of the apartments to condominiums. Neither the fact that a deed of trust modification was executed nor certain buildings were subject to building or fire code corrections affects the nature of the conversion being a separate and distinct improvement to the existing apartment complex.

The work done by the Complainants in overseeing the condominium conversion was certainly not foreseen or contemplated by the parties at the time the initial $7,000,000.00 was borrowed to construct rental units. The evidence relating to the completion of construction, including bringing the buildings into compliance with the fire code, are consistent with these being repairs or improvements to existing structures. Riggs did not lose its favored position by advancing funds to the builder even if the purpose for doing so was to protect their investment. The money made available to the builder was for a new and different undertaking. An undertaking that involved improvements to existing structures.

Mr. Price may draw a Decree sustaining the plea in bar to which counsel may note their exception.