# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Betty Angieline Timmons

v.

J.D.

June 10, 1999

Case No. 99-34

BY JUDGE EDWARD L. HOGSHIRE

In this action brought by the beneficiary of a will drafted by the Defendant, the Defendant has filed a demurrer. After reviewing the submissions by the parties and considering the oral argument at the May 14th hearing, the Court concludes that the demurrer should be overruled.

### Facts

For the purposes of a demurrer, the Court accepts as true all material facts alleged by the Plaintiff and all reasonable inferences drawn therefrom. *See, e.g., Heyward & Lee Constr. Co. v. Sands, Anderson, Marks & Miller,* 249 Va. 54, 55 (1995). Plaintiff avers that Leslie Ann Marshall ("decedent") hired the Defendant to draft a will for her in January of 1979. Under the terms of the will, decedent's property was to be given to Grandville T. Johnson and Betty Angieline Timmons ("Plaintiff") in equal shares, or to the survivor should either beneficiary predecease the decedent. Johnson died in 1986, leaving Plaintiff as the sole beneficiary under the will.

Plaintiff claims that an implied contract arose between decedent and Defendant that Defendant would exercise reasonable care in safeguarding the will, that Defendant would deliver the will to a proper third party in the event of decedent's death, and that Defendant would deliver the will to Plaintiff (who was also the administrator of the estate) at decedent's death. Decedent died on July 8, 1993, after which time decedent's heirs-at-law filed a claim in

this court seeking to recover their shares of decedent's estate on the presumption that decedent died intestate. Decedent apparently did not retain a copy of the will, and Defendant never notified Plaintiff or the heirs of its existence. Plaintiff claims that, under intestate succession, she received only approximately $2,500.00 of the $33,000.00 estate, and she is suing for the difference.

## Question Presented

Does Plaintiff allege a valid cause of action against the drafter of decedent's will?

## Discussion of Authorities

Defendant's demurrer essentially argues that since Defendant had not entered into a contractual or attorney-client relationship with Plaintiff, her claim is barred because there is no privity. The Defendant also contends that Plaintiff's claim based on a third-party beneficiary theory fails under the Supreme Court's decision in *Copenhaver v. Rogers*, 238 Va. 361 (1989).

Defendant is correct that Plaintiff's claims would be barred against Defendant for a lack of privity in a normal legal malpractice claim. *See, e.g., Carstensen v. Chrisland Corp.*, 247 Va. 433, 447 (1994) ("The existence of an attorney-client relationship is essential to establishing a claim of legal malpractice."). However, Plaintiff asserts a claim based on her perceived position as a third-party beneficiary of the contract between decedent and Defendant. The Court must therefore turn to Virginia law on the matter.

The starting point is *Copenhaver*, which Defendant contends controls the instant case. In *Copenhaver*, the beneficiaries of a trust established by the defendant attorney brought suit after the settlor's death, claiming that the attorney's negligence in creating the trust resulted in severe tax consequences to the beneficiaries and in their forfeiture of a remainder interest in the trust. *Copenhaver*, 238 Va. at 363-64. The Supreme Court affirmed the trial court's sustaining of defendant's demurrer based on a lack of privity. *Id.* at 366.

After finding no privity, the Court turned to the third-party beneficiary theory. The Court stated the general rule on the subject: "In order to proceed on the third-party beneficiary contract theory, the party claiming the benefit must show that the parties to a contract 'clearly and definitely intended' to confer a benefit upon him." *Id.* at 367. Based on the allegations in the motion for judgment, the Court found that plaintiffs had failed to state a cause of action because "there is no allegation that the [decedents] entered into a

contract with [defendant] with the intent of conferring a direct benefit upon the [beneficiary plaintiffs]. Nor are there any other allegations from which such an inference can be drawn." *Id.*

The Court stressed, "[t]here is a critical difference between being the intended beneficiary of an estate and being the intended beneficiary of a contract between a lawyer and his client." *Id.* at 368. The Court offered two examples to illustrate the point. First, the Court opined that if a client's overriding desire was to minimize the amount of taxes recoverable by the government and he did not really care who actually got the money, the beneficiaries would certainly not be third-party beneficiaries of the contract for legal services. *Id.* at 368-69. In a second example, however, if the client's "one overriding intent" was to ensure that the beneficiaries received a certain portion of the estate, then "if the lawyer agrees to comply with these specific directives, one might fairly argue that each grandchild is an intended beneficiary of the contract between the client and the lawyer." *Id.* at 369.

Defendant is thus incorrect in reading *Copenhaver* as establishing a *per se* bar to malpractice claims brought by the beneficiaries of a will against the drafter. Rather, the rule that emerges from *Copenhaver* is that in these circumstances, the Plaintiff must allege that the decedent clearly and directly intended to benefit the beneficiaries when she entered into the contract for legal services with her attorney.

The question which remains is whether the Plaintiff satisfied the pleading requirements of *Copenhaver*. Plaintiff claims that an implied contract existed between the decedent and Defendant and that she was the third-party beneficiary of this contract. Implied contracts generally deal with unjust enrichment claims. Virginia law, however, recognizes a second type of implied contract theory: "Where an express contract is not made, but might have been, or in equity and good conscience should have been made, the law will impose the duty and infer the necessary promises to effect a contractual relation between the parties." *National R.R. Passenger Corp. v. Catlett Volunteer Fire Co.*, 241 Va. 402, 407 (1991). The sparse authority on this type of implied contract leaves the contours of the claim relatively ill-defined. Nevertheless, the Plaintiff's contractual claim in the instant case appears to fall within the ambit of the above definition. Plaintiff claims that an implied understanding existed that the Defendant would return the will for probate upon decedent's death and that Defendant would be entitled to charge a reasonable fee as consideration. Thus, the Plaintiff has alleged that an express contract (albeit an oral one) might have been made, or at least should have been made. Therefore, Plaintiff has adequately alleged the existence of an implied contract sufficient to survive a demurrer.

The remaining question, however, is whether the Plaintiff has sufficiently alleged that she was a third-party beneficiary of this contract under *Copenhaver*. A review of the Plaintiff's motion for judgment indicates that she has.

The most conspicuous factor that suggests that the decedent "clearly and definitely intended" to benefit the Plaintiff is that she singled out only two beneficiaries in her will. This scenario is thus unlike one in which a testator identifies dozens of beneficiaries in the will, making it unlikely that the overriding purpose in contracting for legal services was to benefit a specific person. In this case, however, decedent specified that she wanted her modest estate to go to two specific individuals, rather than to her heirs-at-law. Thus, the overriding purpose in hiring Defendant to draft the will was to channel her estate to two specific people. Otherwise, she would not have wasted the time and money in hiring an attorney if she was content to die intestate. The size of the estate also weighs in the balance because it is difficult to argue that the decedent's purpose was avoiding taxes when her estate was so small. Therefore, based on the number of beneficiaries, the size of the estate, and the fact that the Plaintiff was not the primary intestate taker, the Court concludes that Plaintiff has adequately alleged facts sufficient to draw the inference that the decedent's overriding purpose in contracting with Defendant was to benefit the Plaintiff.

For the above-stated reasons, the Defendant's demurrer is overruled.