62

# CIRCUIT COURT OF THE CITY OF RICHMOND

Kroger, Limited Partnership I

    v.

City of Richmond
and Virginia Department
of Historic Resources

July 11, 2005

Case No. CH04-2038

By Judge Melvin R. Hughes, Jr.

    As a lessee of property located in a designated historic district, Plaintiff seeks a declaration and other relief on a determination that it is due a real estate tax abatement promised by the City of Richmond.

    In a seven count Bill of Complaint, Kroger, Limited Partnership (Kroger) alleges that it owns and operates a grocery store in the Carver neighborhood in Richmond under a lease that requires it to pay real estate taxes. As an inducement to build the store, the City of Richmond promised an abatement in real estate taxes for fifteen years. The City made the promise to fulfill the City's objectives for the area as an Enterprise Zone, Neighborhoods in Bloom, and as a part of the City Master Plan. These programs are all aimed at revitalizing Carver and other neighborhoods. However, after the City issued a demolition permit to an affiliate of Kroger's landlord for the removal of a warehouse on the site and after construction of the store, the City learned, as did Kroger, that the property was situated in an area that had been designated earlier as a historic district. The City then rejected Kroger's application for the tax abatement under Va. Code § 58.1-3221(E). The City is otherwise independently authorized to offer the abatement under general authority or under its Enterprise Zone program, but has chosen not to do so.

The Statute prohibits real estate tax exemptions in historically designated areas where rehabilitation of existing structures is achieved by demolition. This suit seeks a determination that Va. Code § 58.1-3221(E) does not preclude tax abatement on the ground that the property does not contribute to a historic landmark and the designated area does not comply with "compactness" and other statutory requirements. Even if the property is not entitled to the abatement, the disentitlement of tax exemption only applies to the affiliate that demolished the warehouse, not Kroger, because "the tax abatement runs with the land." Further, the City has misapplied Va. Code § 58.1-3221(E). Kroger has named the Department of Historic Resources (the Department) as a Defendant contending that the property was erroneously designated and that the Department through its Board of Historic Resources has authority to modify or rescind historic designations. The case is before the court on the defendants' Demurrers.

On demurrer material facts alleged in the pleading are accepted as true along with all reasonable inferences, which may be fairly drawn from those facts. *Heyward & Lee Const. Co. v. Sands, Anderson, Marks and Miller*, 249 Va. 54, 55, 453 S.E.2d 270, 271 (1995); *W. S. Carnes, Inc. v. Board of Supervisors*, 218 Va. 377, 384, 478 S.E.2d 295, 300 (1996). However, the conclusions of law are not so accepted, and it is for the court to determine what the facts mean as conclusions of law. *Yuzefovsky v. St. John's Woods Apts.*, 261 Va. 97, 102, 540 S.E.2d 138, 136-37 (2001).

In addition to seeking declaratory relief against the City of Richmond (Counts I and II), Kroger seeks in Count III correction of an erroneous assessment under Va. Code § 58.1-3984. In Counts IV and V, Kroger claims that the City's denial of tax abatement is arbitrary and unreasonable and violates equal protection under 42 U.S.C. § 1983 and the United States and Virginia Constitutions. Kroger seeks money damages for these constitutional infringements and for common law fraud. In Counts VI and VII, Kroger asserts a denial of due process under 42 U.S.C. § 1983, United States Constitution and Virginia Constitution and seeks a declaration of rights and money damages as against the Department and rescission of the historic designation.

## The Department and Its Demurrer

The Bill of Complaint alleges that the Department designated the Carver Industrial Historic District on June 16, 1999. The demolition of the warehouse was carried out by an affiliate of Kroger's landlord before Kroger leased the property. The Department demurs citing the bar of sovereign immunity, failure to comply with the Administrative Process Act, inappropriateness of declaratory relief, and the lack of any allegation that the Department took any action against Kroger.

## The City and Its Demurrer

As noted, the Bill of Complaint alleges that the City, upon discovering that the Department had determined the demolished warehouse contributed to the significance of a historic landmark, denied Kroger the promised exemption from real estate taxes. The City, like the Department, cites the Administrative Process Act, as well as the appropriateness of the remedy of declaratory relief in its Demurrer. The City also questions whether the Enterprise Zone Act can provide an independent actionable basis for tax abatement. To Kroger's § 1983 and equal protection constitutional claims, the City questions the legal sufficiency of these claims as stated, arguing that a municipality is not a "person" under 42 U.S.C. § 1983, *Monell v. Department of Social Services*, 436 U.S. 9958, 700-01 (1978), and whether Kroger has sufficiently alleged that its membership in a class has subjected it to unequal treatment compared to others similarly situated. Finally, the City asserts that Kroger has essentially mounted a case of estoppel, which is not applicable to government.

## Estoppel

Kroger alleges that the tax exemption once promised has been taken away by the City based on actions of a state agency charged with making historic designations and landmarks. It asserts that the City's actions are contrary to that law and that the City acted contrary to other authority in not allowing a tax abatement. At its core, Kroger's claims are based on estoppel B that the City is estopped from now denying tax exemption after it induced Kroger to build a store on a promise of tax relief. This is the crucial link to all of Kroger's claims. This position is not in keeping with Virginia law. In *Westminster-Canterbury v. City of Virginia Beach*, 238 Va. 493 (1989), a case as here involving a municipal promise of a tax exemption later withdrawn, the court said:

> We have repeatedly held that estoppel does not apply to the state or to local governments when acting in a governmental capacity. *Gwinn v. Alward*, 235 Va. 616, 621, 369 S.E.2d 410, 413 (1988); *Board of Supervisors v. Booher*, 232 Va. 478, 481, 352 S.E.2d 319, 321 (1987); *McMahon v. City of Virginia Beach*, 221 Va. 102, 108, 267 S.E.2d 130, 134 (1980); *Segaloff v. City of Newport News*, 209 Va. 259, 261, 163 S.E.2d 135, 137 (1968); *Main v. Department of Highways*, 206 Va. 143, 150, 142 S.E.2d 524, 529 (1965).

While these decisions do not involve taxation, the principle they elucidate applies with equal force to the function of assessing and collecting taxes. This function clearly is governmental in nature, and it may not be thwarted by application of the doctrine of estoppel.

Even where a municipality has contracted formally to exempt property from taxation, it is not estopped from making a later assessment if the property is not "within any exempted class." *Bristol v. Dominion Nat. Bank*, 153 Va. 71, 76, 81, 149 S.E. 632, 634, 635 (1929). There, we said that "[w]hen the contract is once declared *ultra vires*, the fact that it is executed dos not validate it, nor can it be ratified so as to make the basis of suit or action, *nor does the doctrine of estoppel apply*," *Id*. at 81, 149 S.E. at 635 (emphasis added).

*Westminster-Canterbury, supra*, at 503.

Moreover, the City cannot be held to a promise it had to withdraw under law. The Statute reads that tax exemptions "shall not apply when any structure demolished is a registered Virginia landmark or is determined by the Department of Historic Resources to contribute to the significance of a registered historic landmark." Notwithstanding Kroger's view of the Statute's interpretation to the contrary, this makes the extension of a tax exemption unlawful. Any other basis the City may have for extending tax relief also implicates estoppel as against a governmental entity i.e. the City, as it relates to governmental activity i.e. taxes. Thus, claims based on other authority the City may have to renew its extension of tax relief are unavailing because, for the reasons mentioned, estoppel does not apply to the government.

Accordingly, the demurrers of both Defendants are sustained except as to Count III's claim of erroneous assessment directed to the City. This count as stated makes a claim of erroneous assessments under Va. Code § 58.1-3984.

Plaintiff may either stand on its Bill of Complaint as alleged, in which case all counts save Count III will be dismissed with prejudice, or it may amend. If Kroger chooses to amend, it shall do so on or by July 29, 2005, with any responsive pleading due on or by August 11, 2005. If only Count III, remains then that cause of action shall be transferred to the law side as the City argues.